## No. 492

### KNAGGS v. CLEVELAND-CLIFFS IRON CO.

U. S. Circuit Court of Appeals, Sixth Circuit, No. 3683. 287 Fed. Rep. 314. Decided Feb. 6, 1923

COURTS—(1) Cause "at issue" on filing of answer. DEEDS—(2) Defective acknowledgment held not to render deed void—(3) Vendees in possession not chargeable with laches—(4) Suit to recover interest in land barred by laches. COURTS—(5) Laches may be defense in federal courts, regardless of state statute of limitations.

KNAPPEN, CIRCUIT JUDGE.

### Epitomized Opinion

This was a suit in equity for a partition of land and an accounting. In 1833 by treaty between the United States and a band of Ottawa Indians residing in the vicinity of the Maumee River there was reserved to Au-to-kee, an Indian Chief, a tract of land containing about 320 acres. The treaty stipulated that the land was not to be alienated without the approval of the President of the United States. In 1835 Au-to-kee sold and conveyed to Forsythe and Knaggs, in fee simple, a parcel of 80 acres of this land. During the same year Knaggs and Forsythe and their respective wives signed a deed to one Daniel Chase for this land. The deed was duly witnessed and recorded, but Knaggs' name did not appear in the acknowledgment. Knaggs lived 30 years afterwards but did not question the validity of the deed. Chase conveyed the land to Clark, who conveyed the land to defendant in 1906. The President approved the conveyance of Au-to-kee in 1854. In 1920 one of the heirs of Knaggs brought this action claiming that he owned an interest as the conveyance from his ancestor was defective. The defendant set up various defenses among which were: that the deed was duly executed; the tax deed of 1845; adverse possession; and laches on plaintiff's part. The defendant also asked by counter-claim the quieting of its title. Judge Killits held for defendant and quieted the defendant's title. The plaintiff appealed to the U. S. Circuit Court. In affirming the judgment of the lower court, this court held:

1. A case is at issue, within the meaning of equity rules 47 and 56 (198 Fed. xxxi, xxxiv, 115 C. C. A. xxxiv), when the answer is filed, and the subsequent filing of an amended answer does not of its own force operate to extend the time for hearing.

2. Under GC. 8558 of Ohio, the record of a deed was admissible in evidence and it was valid at least as a contract to convey, as against the heirs of such grantor.

3. Vendees under a defective deed, or their successors, who are in undisputed possession, are not chargeable with laches, which will bar a suit for specific performance of the contract to convey, and especially in view of Gen. Code Ohio, 11236, expressly so providing.

4. Delay by complainant for more than 45 years after reaching majority before asserting her claim as heir of a grantor was such laches as to bar a suit for its recovery where during the greater part of the time defendant and its predecessors had been in possession under claim of title, and had expended large sums in improvements.

5. The federal courts enforce the doctrine of laches when the lapse of time has been shorter than that prescribed by state law, where the peculiar circumstances give rise to an equity which the court is bound to protect.

**Attorneys**—Edwin J. Lynch, for Knaggs; Frank M. Cobourn, for Cleveland-Cliffs Iron Co.

## No. 493

### OHLEN-BISHOP CO. et al v. SCHWARTS-HERMANN STEEL WORKS, Inc.

U. S. Circuit Court of Appeals, Sixth Circuit

No. 3756. 287 Fed. 539. Decided March 6, 1923

CHARGE OF COURT—(1) Inadvertent confusion of parties defendant and plaintiff.

DENISON, C. J.

### Epitomized Opinion

The Steel Works brought suit to recover the unpaid purchase price of steel sold to the Saw Company. The Saw Company defended as to a great part of the unpaid purchase price and counter-claimed for recovery of what had already been paid upon the ground that most of the steel was worthless for the intended use. Defendant also claimed damages for interruption to its business and loss of profits. The defendant's evidence tends to show that about 92 per cent of the steel was valueless. During the court's charge, the court instructed the jury that if defendant's full claim as to the bad quality of the steel was established, defendant would be liable for 95 per cent of the amount involved. The verdict was rendered for the plaintiff in the sum of $50,000 before Judge Sater of the U. S. District Court. The defendant company prosecuted error. In reversing the judgment of the lower court, the United States Circuit Court held:

1. This inadvertent reference to the defendant in the main suit instead of to the plaintiff, which was defendant in the counter claim, was harmful to the defendant, and as the verdict indicated that the jury was misled thereby, prejudicial error was committed.

**Attorneys**—Wm. J. Ford, for Ohlen-Bishop Co.; James M. Hengst, for Steel Works.

---

# DISTRICT COURTS of U. S.

## No. 494

### BIRDIE HOUSE v. PENN. R. CO. et al

U. S. District, N. D. Ohio. E. D

No. 11496. Decided March 17, 1923

REMAND OF CAUSE to state court—Motion to dened—Would be in conflict with authority.

WESTENHAVER, D. J.

### Epitomized Opinion

Motion to Remand to State Court; Overruled

The motion of plaintiff House to remand this cause to the state court is denied on authority of Robbins v. ————. 245 Fed. (D. C.) 435 and Vearial v. ————, 197 Fed. (D. C.) 577 and Gatehouse, 274 Fed. (D. C.) 370. The instant case is in no wise distinguished from the above cited cases. The motion to remand is in effect a request that this court overrule the decision of the Circuit Court of Appeals, in the Robbins case, and the Supreme Court in French v. Construction Co., 76 OS. 509.

**Attorneys**—Payer, Winch, Minshall & Karsch, for