[Civ. No. 22264. First Dist., Div. One. June 24, 1965.]

LELAH MULLER, Plaintiff and Respondent, v. WILLIAM MULLER, Defendant and Appellant.

William Muller, in pro. per., for Defendant and Appellant.

Charles Reagh for Plaintiff and Respondent.

MOLINARI, J.—Defendant, William Muller, appeals from the trial court's order denying his motion to vacate the default judgment and the default entered against him on May 19, 1954 and April 24, 1953, respectively. Said judgment provided that a certain deed was proved and quieted title to certain real property in favor of plaintiff, Lelah Muller.

Defendant's motion to vacate, made on July 5, 1963, was based on the ground that the judge who rendered that judgment was disqualified under the provisions of Code of Civil Procedure section 170, subdivision 4,[1] and that therefore the purported judgment was void. The particular provision of section 170 upon which defendant relies to establish the disqualification of the Honorable Louis B. Dematteis provides in pertinent part as follows: ''No justice or judge shall sit or act as such in any action or proceeding: 4. When, in the action or proceeding, or in any previous action or proceeding involving any of the same issues, he has been attorney or counsel for any party; or when he has given advice to any party upon any matter involved in the action or proceeding; or when he has been retained or employed as attorney or counsel for any party within two years prior to the commencement of the action or proceeding;..."

---

[1] All statutory references hereinafter are to the Code of Civil Procedure.

Defendant attempts to bring himself within the ambit of this provision upon a statement of the following facts in his notice of motion to vacate: That prior to his appointment to the judiciary, Judge Dematteis was an attorney for the County of San Mateo; that in this capacity he represented the county in action No. 58384 entitled *County of San Mateo* v. *William Muller, Lelah Muller, et al;* that this action was commenced on June 11, 1952; that Judge Dematteis participated in this action until his appointment to the bench as superior court judge in June 1953; that one of the issues in this action was the ownership of the same real property as was involved in the aforementioned quiet title action (No. 58211) between Lelah Muller and William Muller; and that it was Judge Dematteis who presided at the default hearing of said action on May 13, 1954 pursuant to which a default judgment was entered against defendant on May 19, 1954.

In denying the subject motion the trial judge[2] assigned as the basis for the denial the following reasons: (1) That the prior action and the instant action did not involve the same issues in that the former was brought by the County of San Mateo to declare a nuisance and the latter was one to quiet title between different parties; (2) that section 170.6 provides a method by which a judge may be disqualified and that defendant did not so act; and (3) that a motion to disqualify should be presented before final judgment.

We conclude that the trial judge acted properly in denying the motion on the basis that the previous action and the instant action did not involve the same issues. Section 588 provides: ''Issues arise upon the pleadings when a fact or a conclusion of law is maintained by the one party and is controverted by the other. They are of two kinds: 1. Of law; and, 2. Of fact.'' ''An issue of law arises upon a demurrer to the complaint or answer, or to some part thereof.'' (§ 589.) ''An issue of fact arises—1. Upon a material allegation in the complaint controverted by the answer; and, 2. Upon new matters in the answer, except an issue of law is joined thereon.'' (§ 590.) As stated in *People* v. *Pantages,* 212 Cal. 237, 267 [297 P. 890], '' 'an issue of fact arises from an allegation of an ultimate fact made by one of the parties to the controversy which is denied by the other.' '' In the light of these definitions it is apparent that an issue is the disputed point or question to which the parties to an action have

[2]The trial judge who heard the subject motion was a judge other than Judge Dematteis.

narrowed their several allegations and upon which they are desirous of obtaining either the decision of the court on a question of law or of the court or jury on a question of fact. (See §§ 591, 592; see also *Knaggs* v. *Cleveland-Cliffs Iron Co.* (Ohio) 287 F. 314, 316; *First Nat. Bank* v. *District Court,* 193 Iowa 561 [187 N.W. 457, 458].)

Based on this definition of the term ''issue'' it is apparent that when the defendant in an action fails to appear and allows his default to be entered, as was the case in the instant action, he puts nothing into controversy. Defendant's failure to appear and answer is a confession that all the material facts alleged in the complaint are true. (*Ingram* v. *Bob Jaffe Co.,* 139 Cal.App.2d 193, 195 [293 P.2d 132]; *O'Brien* v. *Appling,* 133 Cal.App.2d 40, 42 [283 P.2d 289]; *In re Circosta,* 219 Cal.App.2d 777, 786 [33 Cal.Rptr. 514]; *Brown* v. *Brown,* 170 Cal. 1, 5 [147 P. 1168].) Accordingly, even if we assume, as is contended by defendant, that the issue of ownership was tendered in the first action as between the County of San Mateo, on the one side, and Lelah Muller and William Muller, on the other, no such issue was tendered in the instant action since no issues at all were raised therein. We conclude, therefore, that as a result of defendant's default in the instant action, there can be no merit to his assertion that the two actions involved an issue which was the same, namely, the ownership of the subject property.

Moreover, by failing to appear in the instant action defendant is also precluded from urging disqualification by reason of section 170, which provides, in pertinent part, as follows: ''Whenever a judge of a court of record who shall be disqualified under the provisions of this section, to sit or act as such in any action or proceeding pending before him, neglects or fails to declare his disqualification in the manner hereinbefore provided, any party to such action or proceeding *who has appeared therein* may present to the court and file with the clerk a written statement objecting to the hearing of such matter or the trial of any issue of fact or law in such action or proceeding before such judge, and setting forth the fact or facts constituting the ground of the disqualification of such judge.'' (Italics added.) It is apparent from this language that where a judge fails to declare his disqualification the Legislature intended to afford the right to urge such disqualification only to parties who have appeared in the action. The reason for this provision is clear, since one who defaults and thereby admits all of the allegations of the complaint leaves the case in a posture whereby no issues are to

be tried. Such a party can hardly be heard to complain that the rendition of a judgment against him predicated upon his admissions could in any way be influenced by the ground of disqualification specified in subdivision 4 of section 170.

Assuming *arguendo,* however, that the alleged ground of disqualification existed in the instant case and that it could have been urged by defendant, such disqualification was nevertheless waived by defendant because he did not urge it at the "earliest practicable opportunity." The default judgment was entered in the present case on May 19, 1954 and the instant motion was made nine years later on July 5, 1963. During this period defendant has attacked and attempted to set aside the default judgment on several occasions. The first such attempt was made on September 21, 1954, shortly after the entry of said judgment; another was made on October 18, 1954; and still another on November 26, 1954. It is obvious that as early as September 21, 1954 defendant knew, or should have known, that Judge Dematteis was the judge who presided at the hearing at which the default judgment was rendered.

Subdivision 3 of section 170 provides that any of the grounds of disqualification under subdivisions 2, 3 or 4 of section 170 may be waived by a stipulation in writing. In *Caminetti* v. *Pacific Mutual Life Ins. Co.,* 22 Cal.2d 386 [139 P.2d 930], it was held that the waiver by written stipulation provided for in subdivision 3 does not constitute the exclusive method of waiver, but that a waiver by conduct may occur where the disqualification is not urged at the " 'earliest practicable opportunity' " as provided in section 170.[3] (P. 391.) While *Caminetti* dealt with the disqualification arising under subdivision 3 it is clear from the opinion of the Supreme Court in that case that waiver by conduct would likewise be applicable to the other instances in which the Legislature has provided for a waiver of disqualification by written stipulation, that is, subdivisions 2 and 4 of section 170.[4]

---

[3]Section 170 provides in pertinent part that "The statement of a party objecting to the judge on the ground of his disqualification, shall be presented at the earliest practicable opportunity, after his appearance and discovery of the facts constituting the ground of the judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such judge."

[4]It should be here noted that in *Caminetti* it was held that the disqualification provided for in subdivision 1 of section 170 relating to a personal interest of a judge in litigation cannot be waived since it was intended to protect the state and judiciary as well as the parties to the suit.

In *Mayo* v. *Beber,* 177 Cal.App.2d 544 [2 Cal.Rptr. 405], the reviewing court, relying upon *Caminetti,* held that the disqualification arising under subdivision 4 may be waived by failure to urge such disqualification at the " ' " "earliest practicable opportunity." ' ' " (P. 549.) There the appellate court was called upon to consider the propriety of a denial of a motion for a new trial on the ground that the trial judge had been employed as attorney for the defendant within two years of the commencement of the action. The judgment was affirmed on the basis that affidavits on behalf of the prevailing party established that the subject employment of the trial judge was known to the plaintiff's counsel before the case was assigned to the judge for trial, and that therefore the plaintiff waived the judge's disqualification since the disqualification was not urged at the " 'earliest practicable opportunity.' " (P. 551.)

Although the order of the court below must be affirmed for the reasons above indicated, our affirmance does not indicate approval of the specific reasons given by the trial court as the basis for its order. While the trial court was correct in its determination that the subject actions "did not involve the same issues," since, as we have already pointed out, no issues at all were raised in the present action, its reason for so concluding, namely, that the first action was by San Mateo County to declare a nuisance whereas the present action is one to quiet title between different parties, may not be entirely correct. Under subdivision 4 of section 170 it is not necessary that the two actions involve *all* of the same issues; rather the disqualification therein provided for attaches if the two actions involve "*any* of the same issues. . . ." (Italics added.) Accordingly, assuming, of course, that defendant did, in the previous action, deny ownership of the subject property, thereby putting this matter in issue, if defendant had appeared in the instant case and had tendered as an issue the ownership of the same subject property, it might well be that the two actions would have involved this same common issue.

▮ The trial judge was also incorrect in his conclusion that defendant should have proceeded under the disqualification method provided in section 170.6. As we pointed out in *Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678, 703 [32 Cal.Rptr. 288], sections 170.6 and 170 provide distinct and separate methods for the disqualification of a judge, both of which are available to litigants. The former

provides for what amounts to a peremptory challenge of a judge and is a procedure whereby prejudice is established by a sworn statement without judicial determination of the fact (*Johnson* v. *Superior Court,* 50 Cal.2d 693 [329 P.2d 5]; *Oak Grove School Dist.* v. *City Title Ins. Co., supra,* p. 703), while the latter requires that in the situation where the judge fails to declare his disqualification the ground of disqualification must be established as a fact to the satisfaction of the judicial body. (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* p. 703.) It is clear, moreover, that in the instant case section 170.6 was not available to defendant since he was not a party "appearing" in the action, and since a motion under section 170.6 can only be made, in any event, not later than the commencement of the hearing or the trial of the cause. (See § 170.6, subd. (2).)

The conclusion of the trial court that a motion to disqualify under section 170, subdivision 4, "should be presented before final judgment" is not entirely correct since the right to urge disqualification may be urged *after* judgment where the ground of disqualification is not known until that time. (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* pp. 703-704; see *Giometti* v. *Etienne,* 219 Cal. 687 [28 P.2d 913]; *Cadenasso* v. *Bank of Italy,* 214 Cal. 562 [6 P.2d 944].) The language in section 170 that "The statement of a party objecting to the judge on the ground of his disqualification, shall be presented at the earliest practicable opportunity, after his appearance and discovery of the facts constituting the ground of the judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such judge" has been interpreted to mean that the ground of disqualification must be urged at the "earliest practicable opportunity" after the discovery of the facts, subject to the limitation that if the facts are discovered by a party before trial the requirement of timeliness is not satisfied if he waits until after the trial has commenced. (*Oak Grove School Dist.* v. *City Title Ins. Co., supra,* p. 703; *Keating* v. *Superior Court,* 45 Cal.2d 440, 447 [289 P.2d 209]; *People* v. *Wade,* 150 Cal.App.2d 281, 285 [309 P.2d 841]; *Krebs* v. *Los Angeles Ry. Corp.,* 7 Cal.2d 549, 553 [61 P.2d 931].)

The order is affirmed.

Sullivan, P. J., and Sims, J., concurred.