41540. PHILLIPS v. THE STATE.
(329 SE2d 475)

HILL, Chief Justice.

We granted certiorari in *Phillips v. State,* 171 Ga. App. 827 (321 SE2d 393) (1984), to determine whether a defendant in a criminal case who introduces evidence tending to show his bad character has "put his character in issue" within the meaning of OCGA § 24-9-20 (b).[1]

Jimmy Lee Phillips was indicted for and convicted of a robbery by intimidation which occurred in Dougherty County, Georgia, on May 17, 1982. His defense was that he was at his aunt's home in Deerfield, Florida, from May 6 until June 1, 1982. On direct examination, his attorney asked him, "[W]hy did you go down there?" He responded, "Well, I was on parole and I had violated my parole and

---

[1] Regarding the question of when a defendant is entitled to have the jury charged as to "good character," see *State v. Braddy,* 254 Ga. 366 (330 SE2d 338) (1985).

— ." At that point his attorney interrupted and asked, "Were you going down there to visit your family members?" Defendant answered, "I was going down there to visit with my father."

On cross-examination, the district attorney asked, "What are you on parole for?" When the defendant's attorney objected that the defendant had not placed his character in issue, the court overruled the objection, noting that the defendant had placed his character in issue when he testified that he went to Florida because he had violated his parole. The district attorney subsequently introduced into evidence a 1975 conviction for armed robbery.

On appeal, the Court of Appeals affirmed in an en banc opinion. *Phillips v. State,* supra. The majority opinion held that the defendant had put his character in issue within the meaning of OCGA § 24-9-20 (b), supra. In a concurring opinion, two judges concluded that the defendant's testimony did not put his character in issue, but did open the door for cross-examination regarding the parole pursuant to OCGA § 24-9-64, which provides that "The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him."[2] One judge dissented, on the ground that defendant's testimony did not put his character in issue, and unless a defendant does so, OCGA § 24-9-20 (b) prohibits evidence of prior convictions, notwithstanding OCGA § 24-9-64.

The majority of jurisdictions treat the defendant's election to testify as a decision to put his character in issue. 81 AmJur2d 587, Witnesses, § 582, see also § 569 (1970). For example, the Federal Rules of Evidence allow impeachment of a witness, including the accused, by evidence of conviction of crime, albeit with certain exceptions. Fed. Rules Evid., Rule 609.

OCGA § 24-9-20 (b), supra, provides, in relevant part, as follows: "(b) If a defendant in a criminal case wishes to testify and announces in open court his intention to do so, he may so testify in his own behalf. If a defendant testifies, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue."

The issue is whether a defendant who testifies that he previously has committed a single criminal violation may be cross-examined (1) as to it and other criminal convictions, or (2) only as to that particular violation, or (3) not at all regarding the admitted violation.

May a defendant testify that although he was present at the

---

[2] Although the identification in Judge Benham's concurring opinion of three categories of cases, each with a different scope of admissibility, appears to be a correct analysis of those cases, we adopt a broader rule for the sake of clarity and simplicity.

scene of the crime he did not participate in it and that he ran from police because he was on probation, but nonetheless deprive the prosecutor of proving that in fact he was an escapee? We find that he may not.

May a defendant admit to having been a juvenile offender during his youth, and deprive the prosecutor of proving he had a record of convictions as an adult? Or, may a defendant admit to having committed the offense of shoplifting (thereby implying that this was his only offense) and deprive the prosecutor of proving that, in addition to the one shoplifting offense, the defendant had been convicted of several burglaries? We conclude that he may not.

We therefore hold that where a defendant admits any prior criminal conduct less than all his criminal offenses, he has put his character in issue within the meaning of OCGA § 24-9-20 (b), supra, by attempting to portray his character, albeit bad, as being better than it actually is. Thus, when a defendant admits any prior criminal conduct, the prosecutor may cross-examine him as to such conduct and may prove other prior convictions. This holding provides a simple rule, in the direction taken by a majority of jurisdictions.

To the extent that *O'Neal v. State*, 239 Ga. 532 (238 SE2d 73) (1977), is narrower than this decision, this decision controls.

The majority opinion of the Court of Appeals is therefore affirmed.

*Judgment affirmed. All the Justices concur, except Smith, Gregory and Bell, JJ., who concur specially.*

SMITH, Justice, concurring specially.[1]

"Does it have to be said that the half-baked notion that the defendant has 'opened the door' cannot by itself explain or justify the prosecutor's right to submit evidence of bad character because the defendant has done so?" Wigmore on Evidence, § 58 at 1210 (Tillers Revision, 1983). Obviously it has to be said in this state, as the majority has concluded that a defendant who introduces evidence of less than all of his prior criminal acts puts his character in issue "by attempting to portray his character, albeit bad, as being better than it really is."

A defendant's prior acts bear no direct relationship to the question of whether that defendant committed a subsequent crime. In order to relate prior acts to subsequent conduct, a party must draw from the acts a preliminary conclusion as to, for example, the defendant's motive, intent, or state of mind. A jury may then follow that

---

[1] The concurrence in the judgment here is premised on an understanding that the state only introduced the conviction that led to the defendant's parole. Under this opinion, as the defendant testified about the parole, the underlying conviction would be admissible.

preliminary conclusion to determine whether a defendant committed a crime. See Wigmore, supra, § 55.1 at 1160.

A defendant may attempt to bridge the gap between his prior acts and his innocence through the use of character evidence. He may want the jury to conclude from the use of third-party reputation evidence, for example, that: a) This defendant has a good reputation; b) Therefore, this defendant has a good character, and; c) No one with such a good character would have committed this crime. In holding that the defendant in this case has put his character in issue, the majority totally ignores the second step in this process.

Though the defendant's testimony was exculpatory, the connection he drew between his prior acts and his innocence did not rest upon his character. The connection rested upon the assumption that if he was not present at the crime scene, he could not have committed the crime. The testimony actually reflected badly upon his character.

Under the majority's logic, however, a defendant, through introduction of only a few of his prior criminal convictions, attempts to convince the jury that: a) This defendant's character is worse than we thought it was before he told us about that crime, but; b) His character, "albeit bad," could be even worse, so; c) We conclude from our view of his character that this defendant did not commit this crime. The problem with the majority's alchemic discovery of a character issue is that evidence of a defendant's previous crimes does not generally establish a character that is inconsistent with criminal conduct.[2] The connection between the defendant's testimony and his innocence is irrelevant to his character, and the testimony raises no dispute or question as to his character.

Black's Law Dictionary defines an issue, for the purpose of practice and pleading, as "a disputed point or question upon which [the parties] are desirous of obtaining either decision of court on question of law or of court or jury on question of fact."[3] Most "issues" in a criminal case, such as intent, differ from the character issue in that the state *must* obtain a decision of the jury on those issues as a prerequisite for conviction. The elements of a crime must be established regardless of the defendant's actions at trial.

Under OCGA § 24-9-20, however, a court may not consider the character issue raised until the defendant, as opposed to the indictment, has created a dispute for resolution by the jury. A defendant's

---

[2] A defendant may occasionally outline her criminal past to show, for example, that she has never acted violently in committing a crime. See, e.g., *State v. Allen*, 266 S.C. 468 (224 SE2d 881) (1976). In such a case, the exculpatory nature of the defendant's testimony relates entirely to the defendant's character, as opposed to the defendant's location at the time of the crime.

[3] Citing *Muller v. Muller*, 235 Cal.App.2d 341, 45 Cal.Rptr. 182, 184 (1965).

admission that he committed a crime creates an inference, to which only a very strange prosecutor would object, that the defendant has a bad character. There is no dispute as to the defendant's character in such a situation, and there is nothing for the jury to resolve. The defendant, thus, has not put his character in issue, and the door has not been opened under OCGA § 24-9-20.

As the state may introduce evidence that reflects badly upon a defendant's character for limited purposes, a defendant should be allowed to introduce evidence that reflects badly upon his character for the limited purpose of showing his absence from the crime scene, even where the character evidence is not necessary to his goal. Such a rule would reflect the lack of a dispute as to the character issue and would follow the policy underlying the legislature's creation of OCGA § 24-9-20. I would adopt Judge Benham's concurrence, leaving the "deprived" prosecutors in this state the scant opportunity to introduce specific acts which show a defendant's bad character: for the purpose of cross-examining defendants pursuant to Judge Benham's concurrence; to show a defendant's systematic commission of similar crimes, his guilty knowledge, the nature of his relationship with the victim, his bent of mind, his malice, or his motive or intent; in cases where an independent crime is a part of the res gestae or relates to the identification of the defendant, or; where a defendant raises the character issue by introducing evidence that implies that the defendant is innocent by portraying his character as inconsistent with criminal conduct. See Daniel, Georgia Criminal Trial Practice, § 20-42, at 557 (1984 ed.). While "bright lines" are certainly desirable, we should not create them at the expense of reason.[4]

I am authorized to state that Justice Bell joins in this special concurrence.

GREGORY, Justice, concurring specially.

I concur in the judgment and write to point out that my views are expressed in the concurring opinion of Judge Benham in *Phillips v. State*, 171 Ga. App. 827, 829 (321 SE2d 393) (1984).

DECIDED APRIL 30, 1985 —
REHEARING DENIED MAY 21, 1985.

*Gardner, Willis & Sweat, James H. Moore III*, for appellant.

---

[4] The reasoning of the majority opinion leads to the conclusion that a defendant who introduces *some* of his criminal convictions has raised his character, while the defendant who introduces *all* of his criminal convictions does not raise his character. This is, indeed, a strange brew.

*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.