42066. PORTER v. THE STATE.
(330 SE2d 94)

GREGORY, Justice.

Ricky Arnez Porter was convicted of the malice murder of Teresa D. Sims and of the malice murder of Henry J. Mixon. The trial court sentenced the defendant to two concurrent terms of life imprisonment.

Teresa Sims and the defendant began sharing an apartment during the summer of 1982. However, their turbulent relationship deteriorated, and Teresa Sims left the defendant in the spring of 1983. In July, 1983 the defendant and Sims reconciled, but their relationship remained unstable due to the defendant's suspicions that Sims was not faithful to him. Marla Howard testified that on August 5, 1983, while she was with Sims in the apartment Sims shared with the defendant, the defendant beckoned Sims into the bedroom. When moments later Howard heard Sims call for help she entered the bedroom and observed the defendant beating Sims. Howard also testified the defendant repeatedly threatened to kill Sims while holding a gun in his hand. Sims moved out of the apartment the following day. On August 7, 1983, the defendant observed Sims and the victim, Mixon, unsuccessfully attempt to enter a locked car Mixon had rented for Sims. The defendant had the keys to this car in his possession, and he followed Sims and Mixon in it as they left the parking lot of the defendant's apartment complex in another vehicle. While driving on Constitution Road, the defendant pulled up next to Mixon's car and, according to eyewitness testimony, fired at least two shots into the car. Mixon lost control of the car and it struck a tree. The defendant exited the rental car and walked over to Mixon's vehicle. Eyewitnesses testified they heard Sims scream. The defendant opened the passenger door and fired three shots at Sims. The defendant then left the scene of the crime. Both victims died from gunshot wounds. A medical examination of Sims indicated she had been shot from a dis-

tance of from "two to seven inches."

1. While the defendant does not raise the sufficiency of the evidence on appeal, we have examined the record in this case and conclude that a rational trier of fact could find proof beyond a reasonable doubt that the defendant was guilty of the malice murders of Teresa Sims and Henry J. Mixon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant took the witness stand in his own behalf. During direct examination defendant's counsel inquired, "After you shot twice, what happened?" The defendant replied, "I mean, I hadn't never shot anybody. I never had did anything like that before. It shocked me, confused me."

Following the conclusion of direct examination, and out of the presence of the jury, the defendant's attorney stated to the court he anticipated the State would argue that the defendant had "opened the character door" with the statement quoted above. Defendant's counsel then made a motion in limine to exclude any questions the State might ask regarding the defendant's character. Defendant's counsel also moved the trial court to rule that the State might not impeach the defendant with regard to this statement. After hearing argument by both parties, the trial court denied the defendant's motions. On cross-examination the State sought to impeach the defendant's statement by offering in evidence the record of the defendant's prior conviction for aggravated assault with a knife.

On appeal the defendant argues that he testified only that he had never *shot* anyone before; he maintains that this is not such "a general declaration of his good character" as would allow the admission of the "dissimilar crime" of aggravated assault with a knife.

Where the defendant "falsely denie[s] past criminal conduct . . . the State is entitled to impeach the defendant, as it would be entitled to impeach any witness who swore falsely, by showing the untruth of the statement. . . . In the impeachment situation, the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of specific testimony of the defendant." *Phillips v. State*, 171 Ga. App. 827, 830-1 (321 SE2d 393) (1984) and cases cited therein, (Benham, concurring specially), affirmed on other grounds, *Phillips v. State*, 254 Ga. 370 (329 SE2d 475) (1985).

We hold that proof that the defendant had previously assaulted another with a knife is in contradiction of, and tends to show the falsity of, the defendant's testimony that he had never shot anybody or done "anything like that before." The State was, therefore, entitled to impeach the defendant's broad statement by introduction of the prior conviction of aggravated assault.

*Judgment affirmed. All the Justices concur, except Hill, C. J.,*

*who concurs specially.*

HILL, Chief Justice, concurring specially.
I concur in the judgment for the reasons stated in *Phillips v. State,* 254 Ga. 370 (329 SE2d 475) (1985).

DECIDED MAY 29, 1985.

*Kenneth D. Feldman, Dennis R. Kruszewski,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.