### 72552. HALL v. THE STATE.
(348 SE2d 736)

BIRDSONG, Presiding Judge.

The defendant, Robert Lee Hall, was convicted of possession of cocaine, a Schedule II substance, in violation of the Georgia Controlled Substances Act. On November 8, 1984, Mr. Hall, a resident of Marietta, had checked into a single room at the Red Roof Inn in nearby College Park, purportedly for the purpose of a sexual liaison with a female.

The following day, sometime after the noon check-out time, long after the liaison had ended and Mr. Hall's guests had left, the hotel management sought to collect $3.20 worth of long distance calls from Mr. Hall's room. (The innkeeper may retain possession of any belongings which were left in a room by an indebted guest under OCGA § 43-21-6.) During the search of Mr. Hall's belongings, the manager found a bag at the foot of the bed containing several items including a large scale, vials with white powder and an unloaded gun with shells. The manager called the police, who responded. They found a large scale, two vials with white powder, a small unloaded handgun wrapped in a hotel towel, several unspent shells, a grinder, a sifting device, and an Oriental spoon.

The vials contained Mannitol and Onisitol which are sugars commonly used as cutting agents by cocaine distributors. They are not listed as controlled substances; however, the lab determined, by gas chromotography as well as a mass spectra examination, that residue left on the inside of the sifting device tested positively for cocaine.

The spoon and grinder were not tested due to insufficient samples.

The defendant testified that, before his guests departed around 12:15 a.m. on November 9, he had seen the bag on top of a garbage can while he was out getting some mixers. He claimed that he saw a scale in the bag and that he could sell it for $50-$60. Before going to bed around 1:00 a.m., he brought the bag, containing all the evidence which was later secured by the police, into his room. He does not deny that the bag contained all the evidence presented against him at trial. The evidence was admitted without objection.

During the trial, the defendant took the stand in his own behalf. On direct examination, the defendant stated that he brought a box into the room during that evening and that he later looked to see precisely what was inside the bag, never mentioning the gun specifically. On cross-examination, the State asked the defendant if he had seen the gun. The defendant said, "Yes, I did see it later on." The State then offered the defendant's prior conviction for forgery into evidence, arguing that defendant's admission of possessing a gun was illegal by a convicted felon, which was prior criminal conduct and, according to *Phillips v. State*, 254 Ga. 370 (329 SE2d 475), he thus placed his character in issue. The defendant argued that by stating he possessed a gun, he was merely stating a fact. After argument away from the presence of the jury, the trial court allowed the conviction into evidence. The defendant objected.

The Supreme Court, in *Phillips*, supra, held that a defendant is subject to a thorough and sifting cross-examination like any other witness with the exception that "no evidence of general bad character or prior convictions shall be admissible *unless and until the defendant shall have first put his character in issue.*" (Emphasis supplied.) OCGA § 24-9-20 (b).

The question before us then is whether the defendant put his character in issue by stating that he knowingly possessed a gun. We hold that he did not.

In *Phillips*, the defendant's defense was that he went to his aunt's home in Florida. On direct examination, he later said: "[I] was on parole and I had violated my parole and ———." The Supreme Court ruled that the trial court correctly allowed the district attorney to cross-examine the defendant regarding the parole violation and introduce into evidence all other prior criminal convictions since the defendant had put his character in issue. *Phillips* at 372. The court announced a "simple rule": "[W]hen a defendant admits any prior criminal conduct, the prosecutor may cross-examine him as to such conduct and may prove other prior convictions." *Phillips* at 372. This rule allows the prosecutor to demonstrate the full extent of a defendant's criminal activity when a defendant, on direct examination, has selectively revealed only a portion of his or her criminal activity. By

admitting "any prior criminal conduct less than all his criminal offenses, [the defendant] put[s] his character in issue within the meaning of OCGA § 24-9-20 (b), supra, by attempting to portray his character, albeit bad, as being better than it actually is." *Phillips* at 372.

In the case before us, the defendant has not admitted any prior criminal conduct. Rather the defendant has stated that he engaged in an act which is presumptively lawful. This presumption is not subject to rebuttal by the prosecution since the defendant is entitled to the presumption that one is of good character, which is included within, or at least accompanies, the presumption of innocence. *Ward v. State*, 14 Ga. App. 110, 111 (80 SE 295). The rule in Georgia remains that the State "cannot rebut or question the presumption of the defendant's good character unless the defendant discards the presumption thus afforded and elects to put his actual character in issue by evidence" of other witnesses or by its own testimony. (Emphasis deleted.) *Murray v. State*, 157 Ga. App. 596 (1) (278 SE2d 2).

The defendant stated on direct that he knew what was in the bag. At worst, he admitted to only one of the elements of the crime of possession of a firearm by a convicted felon. OCGA § 16-11-131 (b). The "simple rule" announced by the *Phillips* court clearly states that character is not in issue until "a defendant admits any prior criminal conduct." However, no criminal conduct could be shown until *after* the prior conviction was admitted into evidence over the objection of the defense counsel, because possession of a gun is presumptively lawful. Allowing the prior conviction into evidence in order to place the defendant's character in issue demands circular logic and defies even the broad parameters of the "simple rule" in *Phillips*.

The State, in its brief, also argues that the prior conviction is admissible because it is a circumstance attending the arrest. The defendant was charged with a violation of the Georgia Controlled Substances Act. The forgery conviction is therefore wholly unrelated to the crime and it is not a part of the res gestae. The only evidence attending the crime is the gun which was admitted into evidence without objection. Using the prior forgery conviction to show that the possession of the gun was a crime serves no other purpose than to portray the defendant as a bad person for having the gun and for having committed forgery. This use of prior conviction is forbidden for the same reasons that a jury is forbidden, "although they have . . . evidence of the character and nature of the defendant, to convict him 'upon general principles,' as that expression is sometimes used in general parlance." *Green v. State*, 172 Ga. 635, 640 (158 SE 285).

The Supreme Court, in *Head v. State*, 253 Ga. 429, 431-432 (322 SE2d 228), held if "the charge of possession of a firearm by a convicted felon is unrelated to another count for which the defendant is to be tried . . . the trial judge, on motion, shall undertake to place

the defendant on trial for both charges, but shall bifurcate the proceedings in such manner that the jury shall hear and determine first the more serious charge, and under circumstances where the jury is unaware of the pendency of the possession charge. . . . Thereafter, whether the defendant be convicted or acquitted of the more serious charge, it shall undertake to try and determine the possession of firearms charge." In the case at bar, the State declined to indict the defendant on the possession of firearms charge. This decision eliminates the necessity to bifurcate the trial, but the defendant is still entitled to the same protections in the trial on the more serious charge to which he would have been entitled had the State elected to also indict him on the possession charge. The State cannot subject the defendant to any greater prejudice on the more serious charge simply by declining to indict him on the possession charge. Since the State did not indict the defendant on the possession charge, the only effect of the State's tendering of evidence to prove that crime during the trial for the more serious crime is to portray the defendant as a bad person and discredit his alibi. The prior conviction of forgery is a crime of moral turpitude which goes directly to the defendant's truthfulness and veracity. Accordingly, we cannot say with certainty that the defendant's conviction for possession of a controlled substance was not unduly influenced by inadmissible evidence of his prior criminal record.

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1986.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Roger Mayer, Assistant District Attorneys*, for appellee.