74109, 74110. LONG v. THE STATE.
(354 SE2d 190)

DEEN, Presiding Judge.

Willmer Ray Long appeals from his conviction of driving under the influence and violation of the Driver's License Act, contending

that the trial court erred in allowing the state, over objection, to introduce evidence of his character and prior convictions when he had not sought to introduce his character into evidence. *Held*:

During direct examination Long's attorney asked him how many years it had been since his last DUI case. He replied that it had been about seven years. On cross-examination, the solicitor asked Long if he had "forgot about the DUI that you had prior to that." Defense counsel objected on the ground that the solicitor was injecting into evidence a prior offense which had not been invited by the defendant. Long's counsel moved for a mistrial, and the court held that his objection was overruled because the defendant had opened the door. The solicitor then proceeded to inquire of the defendant as to whether he had two DUI's in 1978. Long agreed that he had two. Counsel objected to this evidence, and the objection was overruled.

"[W]hen a defendant admits any prior criminal conduct, the prosecutor may cross-examine him as to such conduct and may prove other prior convictions." *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985). "This rule allows the prosecutor to demonstrate the full extent of a defendant's criminal activity when a defendant, on direct examination, has selectively revealed only a portion of his or her criminal activity. By admitting 'any prior criminal conduct less than all his criminal offenses, [the defendant] put[s] his character in issue within the meaning of OCGA § 24-9-20 (b), by attempting to portray his character, albeit bad, as being better than it actually is.' [Cit.]" See *Hall v. State*, 180 Ga. App. 210, 211 (348 SE2d 736) (1986).

Appellant argues that the solicitor attempted to imply that appellant's statement regarding his last DUI was somehow a dishonest statement because it omitted a statement regarding two 1978 DUI's; he further argues that this evidence did not impeach his direct testimony. We must disagree. This testimony was obviously elicited to show that Long was of good character and intended to leave the jury with the impression that he had either no prior DUI convictions, or only one in the remote past, when in fact he had two in 1978. The state merely sought to impeach his testimony by erasing the false impression he had raised in the minds of the jurors. Such an attempt falls within the scope of the rulings in *Phillips v. State*, supra, and *Hall v. State*, supra. We therefore find that the trial court did not err in overruling the objection to such testimony.

*Judgments affirmed. Birdsong, C. J., and Pope, J., concur.*

Decided February 18, 1987.

*James H. Whitmer*, for appellant.

Lydia Jackson, Solicitor, Lee B. Perkins, Assistant Solicitor, for appellee.