### 74224. JONES v. THE STATE.
(360 SE2d 622)

McMurray, Presiding Judge.

Defendant was convicted of rape (OCGA § 16-6-1) and aggravated sodomy (OCGA § 16-6-2 (a)). He appeals, contending that the prosecution improperly placed his character into evidence. We affirm.

At trial, the case came down to the word of the victim against that of defendant. She said the sexual acts took place against her will; he said they were consensual.

During the presentation of the State's case-in-chief, the victim

testified that defendant gave her a marijuana joint and beer just before the commission of the crimes. The victim was 17 years old at the time.

The defendant took the stand and admitted that he used marijuana. He also admitted that on the day in question he smoked a joint, drank beer, and engaged in adulterous sexual intercourse (since he was married) with the victim. He denied, however, that anything other than consensual sex occurred.

At this juncture, the State took the position that defendant had placed his character in issue. Over objection, it introduced eight prior felony convictions, ranging from forgery to burglary, into evidence. None of the convictions involved sex crimes or violence against a person. *Held*:

In *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475), our Supreme Court held "that where a defendant admits any prior criminal conduct less than all his criminal offenses, he has put his character in issue within the meaning of OCGA § 24-9-20 (b) . . . by attempting to portray his character, albeit bad, as being better than it actually is. Thus, when a defendant admits any prior criminal conduct, the prosecutor may cross-examine him as to such conduct and may prove other prior convictions." This "simple rule" is applicable in the case sub judice where the defendant admitted that he used marijuana (a violation of OCGA § 16-13-30 (j)), and that on the day in question he smoked marijuana with the victim, gave her a beer (a violation of OCGA § 3-3-23), and engaged in adulterous sexual intercourse with her (a violation of OCGA § 16-6-19). Compare *Hall v. State*, 180 Ga. App. 210 (348 SE2d 736), in which that defendant admitted he engaged in an act which was presumptively lawful.

By admitting to the violation of certain criminal conduct, defendant in the case sub judice attempted to portray his character, albeit bad, as being better than it was. Accordingly, defendant placed his character in issue within the meaning of OCGA § 24-9-20 (b). *Phillips v. State*, 254 Ga. 370, 372, supra. It follows that the State was entitled to prove that defendant was convicted of other crimes.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Sognier and Pope, JJ., concur. Carley, Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent.

OCGA § 24-9-20 (b) provides that "[i]f a defendant in a criminal case wishes to testify and announces in open court his intention to do so, he may so testify in his own behalf. If a defendant testifies, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, *except that no evidence of general*

*bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue."* (Emphasis supplied.) The *Phillips* case, 254 Ga. 370 (329 SE2d 475), involved a defendant's statement on direct examination by his counsel that he had been on parole and was visiting his aunt when the charged crime occurred. The prosecutor was then allowed to ask for what crime he was on parole, and later introduced a prior conviction. The Supreme Court held that when a defendant admits some but not all of his prior criminal offenses, he puts his character in issue by attempting to portray his character as better than it actually is. This invites the state to cross-examine on the admitted conduct. It also permits the state to prove other convictions.

That case, and its holding, do not authorize admission of the objected-to evidence. By admitting some aspects of the res gestae which in themselves constituted crimes for which he was not on trial, defendant did not put his character in issue. The state could of course cross-examine him on those subjects. OCGA § 24-9-64; *Mason v. State*, 180 Ga. App. 235, 237 (3) (348 SE2d 754) (1986). But his *prior* convictions were not related to any issue in the case. Defendant did not, by his admissions, raise an inference that these current offenses were the only criminal acts he had ever engaged in or that he was generally of good character. See *Hall v. State*, 180 Ga. App. 210 (348 SE2d 736) (1986). Compare *Porter v. State*, 254 Ga. 388, 389 (330 SE2d 94) (1985); *Language v. State*, 169 Ga. App. 649, 650 (1) (314 SE2d 484) (1984). Allowing the jury to consider the prior convictions was error.

Because the evidence was principally the victim's word against the defendant's, it cannot be said that it is highly probable that the error did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Therefore the judgment should be reversed.

I am authorized to state that Judge Carley and Judge Benham join in this dissent.

DECIDED JULY 16, 1987 —
REHEARING DENIED JULY 31, 1987 —

Philip L. Ruppert, for appellant.
Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney, for appellee.