## 74742. BURTON v. THE STATE.
(363 SE2d 46)

CARLEY, Judge.

Appellant was tried before a jury on two indictments, each of which alleged two counts of violating the Georgia Controlled Substances Act. The trial court denied appellant's motion for directed verdict and submitted the case to the jury. The jury returned a verdict of guilty as to all four counts and judgment was entered on the verdicts. Appellant's motion for new trial was denied and he appeals from the judgments of conviction and sentence entered on the guilty verdicts.

1. Appellant enumerates as error the trial court's failure to direct a verdict of acquittal based upon the principle of equal access. " 'Merely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' [Cit.] 'Presence at the scene of a crime and nothing more will not support a conviction.' [Cit.]" *Blankenship v. State*, 135 Ga. App. 482, 483 (218 SE2d 157) (1975). "A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. [Cit.]

This connection can be established by evidence which shows the contraband was discovered on premises occupied by and under the control of the accused with no equal right of access and occupancy in others. [Cit.]" *Mitchell v. State*, 150 Ga. App. 44, 46-47 (2) (256 SE2d 652) (1979).

There was sufficient evidence to authorize a finding that appellant exercised control over the apartment where the contraband was discovered. There was also evidence that, in the exercise of that control, appellant afforded others brief access to the premises for the purpose of engaging in acts of prostitution. However, a showing that others had access to the premises under appellant's control will not demand a verdict of not guilty of possession of contraband where the evidence also shows that those others had no equal opportunity to possess the contraband. Here, appellant's control over the apartment, coupled with evidence of the hiding places and the quantity of the contraband involved, authorized a finding of appellant's guilt for possession of the contraband and did not demand a not guilty verdict under the principle of equal access. "A motion for directed verdict should be granted '[w]here there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal. . . . [OCGA § 17-9-1]. We cannot say, after reviewing the record, that the evidence in this case 'demanded' a verdict of acquittal." *Wallin v. State*, 248 Ga. 29, 31 (3) (279 SE2d 687) (1981). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over appellant's objection that he had not placed his character in issue, the trial court allowed the State to introduce evidence that he had a prior criminal conviction. This ruling is enumerated as error.

"[W]here a defendant admits any prior criminal conduct less than all his criminal offenses, he has put his character in issue . . . by attempting to portray his character, albeit bad, as being better than it actually is. Thus, when a defendant admits any prior criminal conduct, the prosecutor may cross-examine him as to such conduct and may prove other prior convictions." *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985). See also *Long v. State*, 181 Ga. App. 830 (354 SE2d 190) (1987). Appellant testified that he had previously visited the apartment in question but only for the purpose of engaging in sexual intercourse with prostitutes. By so testifying, he admitted that he had engaged in prior criminal conduct, and the State was then entitled to cross-examine him as to such conduct and to prove that he had prior convictions. See *Phillips v. State*, supra; *Long v. State*, supra. There was no error.

3. Appellant's remaining enumerations of error have been considered but are found to be without merit.

*Judgment affirmed. Banke, P. J., concurs. Benham, J., concurs in Divisions 1 and 3 and in judgment.*

DECIDED NOVEMBER 6, 1987.

*Rise H. Weathersby*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, John G. Isom, Benjamin H. Oehlert III*, Assistant District Attorneys, for appellee.