## 75318. CREWS v. THE STATE.
(364 SE2d 625)

BIRDSONG, Chief Judge.

Appellant Russell Crews was convicted of burglary. He has enumerated three errors in his appeal. *Held*:

1. Appellant first asserts that the trial court erred in overruling his motion for mistrial based upon the State's alluding to a prior burglary conviction of the appellant. His second enumerated error is that the trial court erred in admitting, over objection, evidence of his prior burglary conviction, which allowed this evidence to be considered by the jury. Neither of these two enumerated errors has merit.

When a defendant testifies in his own behalf at trial, "no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." OCGA § 24-9-20 (b). However, "where a defendant admits any prior criminal conduct less than all his criminal offenses, he has put his character in issue within the meaning of OCGA § 24-9-20 (b)." *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475); *Long v. State*, 181 Ga. App. 830 (354 SE2d 190). At trial, appellant attempted to defend himself against the burglary charge by admitting only to the knowing receipt of stolen property. See OCGA § 16-8-7. This selective disclosure of criminal activity is the very type of trial conduct to which *Phillips* was intended to apply. Thus, we find that no error occurred in the admission of the evidence, and that the trial court did not abuse its discretion in denying the motion for mistrial.

2. Appellant's third enumerated error is that the trial court erred in permitting the State, over objection, to cross-examine appellant regarding a burglary (hereinafter referred to as the Sterner burglary) for which he had been indicted, but not tried and convicted. In response, the appellee, citing *Green v. State*, 172 Ga. 635 (158 SE 285) and *Frank v. State*, 141 Ga. 243 (80 SE 1016), asserts that this evi-

dence of other acts of misconduct not charged in the case at bar was admissible "for the purpose of showing motive, scheme or plan, intent, malice, absence of mistake or accident."

It is well recognized that "[t]o render evidence of extrinsic offenses admissible for any of [the above] purposes, the State must show that the defendant was the perpetrator of the extrinsic offenses, and that there is a *sufficient* similarity or *connection* between the extrinsic offense and the offense charged, such that proof of the former tends to prove the latter." (Emphasis supplied.) *Williams v. State,* 251 Ga. 749, 755 (312 SE2d 40); *State v. Johnson,* 246 Ga. 654 (272 SE2d 321). After examining the transcript in its entirety, we are satisfied that a sufficient foundation, as required by *Williams* and *Johnson,* was laid for the admission of the evidence regarding the Sterner burglary. The trial court could conclude from appellant's admissions to being present at the Sterner burglary scene, the sequence of events at that residence, and the testimony elicited by appellant's counsel that a prosecution witness and another individual had purchased stolen merchandise from the appellant on several occasions, that there was evidence establishing appellant as the perpetrator of the Sterner burglary. Further, as it was shown that appellant became the suspect in this case based on information obtained by the police during their investigation of the Sterner burglary, a *sufficient logical connection* between the two offenses has been established. Accordingly we find this enumerated error to be without merit.

Assuming, however, that error had occurred in the admission of this evidence, we conclude that it was harmless because, based on the strong posture of the circumstantial evidence establishing appellant's guilt (including the properly admitted evidence of his bad character as evidenced by his prior conviction for burglary), it is "highly probable" that the testimony regarding the Sterner burglary did not contribute to the jury's verdict. See generally *Coleman v. State,* 257 Ga. 313 (357 SE2d 566), citing *Johnson v. State,* 238 Ga. 59 (230 SE2d 869).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 6, 1988.

*Lawrence L. Aiken,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, James E. Sherrill, Eric D. Hearn, Assistant District Attorneys,* for appellee.