A95A1858. BRANNON v. THE STATE.
(469 SE2d 716)

McMURRAY, Presiding Judge.

Defendant Brannon appeals his conviction of a violation of the Georgia Controlled Substances Act, possession of marijuana with intent to distribute. *Held*:

1. The first enumeration of error raises the issue of the sufficiency of the evidence to authorize defendant's conviction. Almost 11 pounds of marijuana were found in a search of defendant's home. The marijuana was found in two locations, concealed in an antique ice chest in a detached garage and in a plastic barrel recessed into the ground of a side yard near the garage.

A beam scale was found concealed with the marijuana in the garage and nearby in plain view was a device used for sealing plastic bags. There was evidence that these devices are commonly used in

weighing and packaging contraband for street sales. Also, a large amount of cash, totaling approximately $7,000, was found on defendant's person or elsewhere in the house, as well as ten firearms.

Defendant relied upon evidence of his good character and of the access of others to the areas where the marijuana was found. Defendant presented evidence that at least a half dozen individuals including employees and acquaintances had virtually unlimited access to the areas where the contraband was found.

" ' "Merely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." (Cit.) "Presence at the scene of a crime and nothing more will not support a conviction." (Cit.)' *Blankenship v. State*, 135 Ga. App. 482, 483 (218 SE2d 157) (1975). 'A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. (Cit.) This connection can be established by evidence which shows the contraband was discovered on premises occupied by and under the control of the accused with no equal right of access and occupancy in others. (Cit.)' *Mitchell v. State*, 150 Ga. App. 44, 46-47 (2) (256 SE2d 652) (1979)." *Burton v. State*, 184 Ga. App. 805 (1) (363 SE2d 46). See also *Whitfield v. State*, 217 Ga. App. 402, 405 (3) (457 SE2d 682).

Nonetheless, in the case sub judice, the jury was authorized to conclude that defendant's evidence of equal access had been successfully rebutted by the State's evidence. The evidence corroborating the inference of defendant's possession of the marijuana included the discovery of a number of items in the home which are commonly associated with the drug trade, including large numbers of firearms, large amounts of currency, and the device used for sealing plastic bags. *Whitfield v. State*, 217 Ga. App. 402, 405 (3), supra. Also, a part-time maid who had worked in defendant's home for over three years testified that hardly anyone came to the residence when defendant was not there. The evidence is sufficient to authorize the jury's verdict that defendant is guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. There was no error in the denial of defendant's request for a continuance. The attorney who had represented defendant from at least shortly after his indictment until mid-December 1994, a period in excess of a year, was discharged by defendant. The case against defendant was called for trial over three weeks later. During the interval defendant was briefly represented by his corporation's attorney before retaining his trial counsel less than two weeks before trial. The newly retained trial counsel submitted the request for continuance in order to obtain possession of and permit expert evaluation of tape-

recorded conversations between defendant and a confidential informant. The affidavit for the search warrant for defendant's home was predicated in part on the conversation which had been recorded.

We have held time after time that a motion for a continuance predicated on the basis of counsel's lack of preparation for trial addresses itself to the sound discretion of the trial judge and a ruling denying such a motion will not be interfered with unless the judge has abused his discretion in denying the motion. In these cases we have noted that the conduct of the party is a relevant and proper consideration of the judge in the exercise of its discretion in order to prevent a party using the discharge and employment of counsel as a dilatory tactic. *Wehunt v. State*, 168 Ga. App. 353, 355-356 (3) (309 SE2d 143); *Cantrell v. State*, 154 Ga. App. 725 (2), 726 (270 SE2d 12).

In this case, defendant would avoid being chargeable with the delay by arguing that his original attorney had not been diligent in developing the evidence in the case. But the record does not support such an inference nor otherwise support defendant's motion for a continuance. The record contains only a reference in the affidavit which discloses that a recording was made of a conversation in which defendant tells the informant that he has marijuana and invites him to his home. The affidavit also states that the informant went to defendant's home wearing a "body bugging device" and purchased marijuana. But defendant has not been charged with that sale. The recording was not played for the magistrate who issued the search warrant. Nor was it subsequently introduced into the record of this case. Defendant has failed to present any suggestion that the tape constitutes exculpatory evidence, but only wishes to obtain it so that it may be studied by a voice stress expert. The tapes played no part in the prosecution of defendant and defendant has failed to establish that the tape or his expert's review of the tapes would constitute relevant and admissible evidence. Under these circumstances we find no abuse of the trial court's discretion. *Johnson v. State*, 255 Ga. 703, 704 (2) (342 SE2d 312).

3. Nor did the trial court err in denying defendant's motion to suppress evidence. Defendant's reliance upon the absence of evidence before the issuing magistrate which would authorize the no-knock clause contained in the search warrant is misplaced. The circumstances in the present case cannot be distinguished from those in *Adams v. State*, 201 Ga. App. 12, 14 (3) (410 SE2d 139). As in *Adams*, the officers had knowledge of circumstances which led them to believe that giving notice of their authority and purpose before entering the residence would greatly increase their peril, and such knowledge provides a basis for a good faith belief on the part of the officers that they are authorized to proceed with a no-knock warrant issued by the magistrate.

Also, the search warrant was not a "general warrant" as to defendant in the sense that term is used in *State v. Cochran*, 135 Ga. App. 47, 49 (217 SE2d 181) since he was listed by name on the warrant. And there was no deficiency in the description of the premises to be searched because a rental apartment was discovered in the detached garage. Externally, defendant's home appeared to be a single residence and the rental apartment was not revealed by police investigation. While the informant may have known of the apartment, there is no evidence that he shared such knowledge with law enforcement officers. We note also that the apartment appeared to be uninhabited at the time of the search. The description of the premises to be searched was sufficient to enable the officers to determine, with reasonable certainty and without depending upon their discretion, the person and place to be searched. *Jackson v. State*, 129 Ga. App. 901, 904 (1) (b) (201 SE2d 816).

We must reject defendant's final assertion in support of his motion to suppress evidence, that the officer who obtained the search warrant relied upon false statements which he knowingly made to the issuing magistrate. This attempt to assert the rights delineated in *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) fails due to the absence of a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the search warrant, and that the allegedly false statement is necessary to the finding of probable cause. While the trial court did determine that the affidavit contained some stale information, this alone did not amount to the required showing and the trial court's conclusion that the required showing had not been made was authorized by the evidence.

4. In his next enumeration of error, defendant complains of the prosecution's cross-examination of a character witness. However, we find no prosecutorial misconduct in the testing of the witness's knowledge of defendant's reputation. In order to accomplish this, the State was entitled to explore specific acts of bad conduct. *Chisholm v. State*, 199 Ga. App. 746 (1) (406 SE2d 112). Thus, there was no error in asking the witness if she was aware of defendant's arrest for shoplifting, a charge which led to a nolo contendere plea. *Upton v. State*, 128 Ga. App. 547, 551 (4) (197 SE2d 478).

Defendant also objected to a cross-examination question to his character witness: "So how many chances does a person get at breaking the law before you condemn them?" This question followed a lengthy discourse by the witness concerning her reluctance to draw unfavorable inferences where a person has made a mistake, learned from it, and would never repeat it. Defendant complained that the prosecution's question misled the jury in that it suggested a non-existent or inadmissible disposition for the two offenses with which de-

fendant had previously been charged. Whether or not the inference argued by defendant can be fairly drawn from the contested question, we conclude that it is highly unlikely that any error could have influenced the verdict in the case sub judice. Any error was harmless and provided no basis for reversal. *Huckeba v. State*, 217 Ga. App. 472, 477 (5) (458 SE2d 131); *Toledo v. State*, 216 Ga. App. 480, 483 (5) (455 SE2d 595).

5. There is no merit in defendant's remaining enumerations of error which complain of portions of the jury charge and recharge. Defendant's evidence that many persons were permitted access to his home and particularly to the garage where a portion of the marijuana was found authorized a jury instruction on the issue of joint possession.

There was also no error in a recharge given in response to two questions from the jury concerning the facts established by the evidence at trial. The trial court declined to permit additional evidence or the refreshing of the juror's memory, but did instruct the jury that the evidence was closed and that the jury should rely upon their collective memories regarding the evidence presented during the trial. This recharge did not contradict an earlier instruction on a question of law, the definition of "reasonable doubt" as "a doubt for which reason can be given arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence, or any combination of these." Nor can the recharge be reasonably perceived as impairing a defense based on a lack of evidence.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 21, 1996 —
RECONSIDERATION DENIED MARCH 12, 1996 —

*Michael E. Bergin*, for appellant.
*Lewis R. Slaton, District Attorney, Gina C. Marshall, Leonora Grant, Assistant District Attorneys*, for appellee.