[Crim. No. 864.  Third Appellate District.—June 17, 1925.]

THE PEOPLE, Respondent, v. FRANK CRAPPA, Appellant.

[1] CRIMINAL LAW — DISQUALIFICATION OF JUDGES — REVOCATION OF PROBATION BY JUDGE WHO WAS PROSECUTING ATTORNEY.—A superior judge who, at the time of filing an information charging a defendant with the crime of grand larceny, was district attorney and, as such attorney, appeared for the people at the arraignment and at the hearing of defendant's application for probation, is disqualified to revoke said order granting probation and impose sentence upon said defendant.

[2] ID.—TIME OF COMMISSION OF CRIME—VOID INDETERMINATE SENTENCE.—Where the crime charged against said defendant, and to which he entered a plea of guilty, was committed prior to the enactment of the indeterminate sentence law, a judgment that he "be punished by imprisonment at San Quentin in the State Prison of the State of California, for the term of not less than the minimum and no greater than the maximum time provided by law," is void.

(1) 33 C. J., p. 1003, n. 22, p. 1005, n. 66, 70.  (2) 16 C. J., p. 1369, n. 24, 27.

APPEAL from a judgment of the Superior Court of Madera County.  Stanley Murray, Judge.  Reversed.

The facts are stated in the opinion of the court.

Conley, Conley & Conley for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was charged with the crime of grand larceny, alleged to have been committed on the fourth day of December, 1916. He was arraigned on the ninth day of December, 1916, and entered a plea of guilty. December 29, 1916, he was admitted to probation for a term of ten years. April 11, 1925, the order grant-

---

1. See 14 Cal. Jur. 816; 15 R. C. L. 534.
2. See 8 Cal. Jur. 470.

ing probation was revoked and the court entered judgment "that the said Frank Crappa be punished by imprisonment at San Quentin in the State Prison of the State of California, for the term of not less than the minimum and no greater than the maximum time provided by law." This appeal is from the judgment.

[1] Appellant contends that "the trial judge who revoked the probation of the defendant and imposed sentence was absolutely disqualified to act, since, as district attorney, he had previously represented the plaintiff . . . in the same case." Judge Murray, who revoked the order granting probation and sentenced defendant to imprisonment, was district attorney of Madera County at the time the information was filed. As such district attorney he appeared for the People at the arraignment and at the hearing of defendant's application for probation. "No justice, judge, or justice of the peace shall sit or act . . . in any action or proceeding, . . . when in the action or proceeding, or in any previous action or proceeding involving any of the same issues, he has been attorney or counsel for either party." (Code Civ. Proc., sec. 170.) This provision is too plain to admit of controversy, and the disqualification of the trial judge is clear.

[2] The crime charged was committed prior to the enactment of the indeterminate sentence law (Penal Code, sec. 1168) and, therefore, the judgment is void. (*People* v. *Booth,* 37 Cal. App. 650 [174 Pac. 685].)

Upon the going down of the *remittitur* herein, the question of whether the order admitting defendant to probation shall be revoked and, if so, the term of imprisonment to be imposed must be determined by a judge who is not disqualified to act in the matter.

The judgment is reversed.

Thompson, J., *pro tem.,* and Plummer, J., concurred.