[No. F013223. Fifth Dist. Mar. 19, 1991.]

In re ARTHUR S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ARTHUR S., Defendant and Appellant.

COUNSEL

Robert A. Garcia, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael Weinberger, Jane N. Kirkland and Jo Graves, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THAXTER, J.**—We hold here that a second juvenile court petition filed under Welfare and Institutions Code[1] section 602, not alleging a violation of probation and not seeking aggregation of confinement time, is not part of the same proceeding arising from the original petition. Thus, the referee hearing the second petition, who served as deputy district attorney prosecuting the first petition, is not necessarily disqualified under Code of Civil Procedure section 170.1. We further hold that the referee in this matter did not advise any party on any factual or legal issue involved in this proceeding. Because the alleged disqualification of the referee is the sole issue raised on appeal, we will affirm.

### SUMMARY OF PROCEEDINGS BELOW

On August 31, 1988, Kern County Deputy District Attorney Peter A. Warmerdam filed petition number 66232 in juvenile court pursuant to section 602, alleging that Arthur S. had engaged in two batteries in violation of section 242 of the Penal Code. Warmerdam appeared for the People at the jurisdictional hearing held on September 1, 1988, at which time Arthur admitted one count of battery, and the other count was dismissed on Warmerdam's motion.

The dispositional hearing on petition number 66232 was held on September 19, 1988, before Referee Grant Schofield; the minute order does not show an appearance by the district attorney's office. Arthur was declared to be a ward of the court (§§ 602, 725, subd. (b)) and was committed to Camp Erwin Owen, but the commitment was stayed and Arthur was granted probation for a period not exceeding three years.

Arthur thereafter violated his probation terms, failing to complete required work program hours and to pay a restitution fine. On December 19, 1988, Referee Schofield lifted his stay and ordered Arthur to serve six months at Camp Erwin Owen. Probation was continued.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

On September 15, 1989, Deputy District Attorney Cynthia Zimmer filed a "supplemental petition" under case number S66232 alleging that on or about September 6, 1989, Arthur committed a residential burglary in violation of Penal Code section 459. After Arthur denied the allegation, the matter was set for a contested jurisdictional hearing.

The contested hearing took place before Referee Peter A. Warmerdam, the same individual who had filed the original petition as deputy district attorney. Arthur and his attorney stipulated that Referee Warmerdam could sit as judge pro tempore. After taking evidence, Referee Warmerdam found beyond a reasonable doubt that Arthur had committed the burglary.

Referee Warmerdam continued to sit as judge for the dispositional hearing. He ordered Arthur recommitted to Camp Erwin Owen, and that he "be continued on terms of probation not to exceed his 21st birthday."

Arthur's appeal raises a single issue—that Referee Warmerdam was disqualified from hearing the current petition because of his involvement as deputy district attorney in proceedings relating to the original petition.

## DISCUSSION

*Should Referee Warmerdam Have Disqualified Himself Pursuant to Code of Civil Procedure Section 170.1?*

Code of Civil Procedure section 170.1, subdivision (a) provides in pertinent part:

"(a) A judge shall be disqualified if any one or more of the following is true:

".   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(2) The judge served as a lawyer in the proceeding, or in any other proceeding involving the same issues he or she served as a lawyer for any party in the present proceeding or gave advice to any party in the present proceeding upon any matter involved in the action or proceeding.

"A judge shall be deemed to have served as a lawyer in the proceeding if within the past two years:

"(A) A party to the proceeding or an officer, director, or trustee of a party was a client of the judge when the judge was in the private practice of

law or a client of a lawyer with whom the judge was associated in the private practice of law; or

"(B) A lawyer in the proceeding was associated in the private practice of law with the judge.

"A judge who served as a lawyer for or officer of a public agency which is a party to the proceeding shall be deemed to have served as a lawyer in the proceeding if he or she personally advised or in any way represented the public agency concerning the factual or legal issues in the proceeding."

■ Code of Civil Procedure section 170.1 applies in juvenile cases. (See *In re Richard W.* (1979) 91 Cal.App.3d 960, interpreting former Code Civ. Proc., § 170.)

■ Arthur maintains in this appeal that Code of Civil Procedure section 170.1 disqualified Referee Warmerdam from sitting in the instant matter. The People contend that the statute does not apply to these facts.

A. *Did Referee Warmerdam Actually Serve as Both Lawyer and Judge in the Same Proceeding?*

The first disqualifying factor in the statutory language is if the judge "served as a lawyer in the proceeding, . . ." Thus, the initial question presented is whether the proceeding arising from the first (battery) petition was the same proceeding as that arising from the second (burglary) petition. While it is not clear Arthur is relying on this specific provision, we will assume he is and address the question.

"Proceeding" has a statutory definition ("the action, case, cause, motion, or special proceeding to be tried or heard by the judge" [Code Civ. Proc., § 170.5, subd. (f)]). Unfortunately, this definition does not aid us on this issue.

The parties characterize the second petition as a supplemental petition. We believe, however, they are mistaken in their description.

Section 777, subdivision (a)(2) provides a mechanism for filing a "supplemental petition" by a prosecuting attorney where "a minor has been declared a ward or probationer under Section 602 in the original matter and the petition alleges a violation of a condition of probation amounting to a crime. The petition shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor." (See Cal. Rules of Court,

rules 1430(c), 1431(b).) A prosecutor involved in a proceeding which results in a probationary order may well be disqualified from thereafter sitting as a judicial officer on a later petition alleging violation of the terms of probation. (See *People* v. *Crappa* (1925) 73 Cal.App. 260 [238 P. 731].)

In the "supplemental" petition below, there is no allegation of a violation of probation or indeed any indication that Arthur was on probation. The petition merely alleges that Arthur committed a residential burglary, citing section 602 rather than section 777. This fact in itself does not render the proceedings distinct, however. In *In re Michael B.* (1980) 28 Cal.3d 548 [169 Cal.Rptr. 723, 620 P.2d 173], the Supreme Court observed that "filing new section 602 petitions, rather than section 777 supplemental petitions, to charge new offenses even when the minor is already a section 602 ward . . . is not contrary to law." (*Id*. at p. 553.) When the new section 602 petition provides adequate notice, punishments for the new and prior offenses may be aggregated. (*Ibid*.)

In fact, though, the second petition in this matter was not treated as a section 777 supplemental petition by either Referee Warmerdam or the parties. The petition contained no mention of prior conduct or Arthur's probationary status. At the conclusion of the jurisdictional hearing Arthur's counsel specifically inquired, "Do we have a violation of probation on this petition?" The court answered negatively. Although the referee considered Arthur's history (including the prior adjudication of battery) in assessing punishment, there was no aggregation of confinement time. "While there is some indication that the court *considered* appellant's whole background in committing him to the Youth Authority, there simply is no statement by the court that the actual commitment was based thereon or that the maximum term should be governed by the prior felonies . . . ." (*In re Aaron N.* (1977) 70 Cal.App.3d 931, 941 [139 Cal.Rptr. 258].)

We conclude that notwithstanding the parties' characterization of it, the second petition was not a supplemental petition under section 777. That leaves as the only apparent connection between the two petitions the case number under which they were both filed. The original petition was numbered 66232; the second was numbered S66232. Significance of the prefix "S" to the second petition's number is not explained in the record.

We find nothing in the Juvenile Court Law (§ 200 et seq.) or the Juvenile Court Rules (Cal. Rules of Court, rule 1400 et seq.) prescribing use of the same case number when a second or later petition is filed with respect to the same minor. We believe the assignment of case numbers is a clerical

function which may vary from court to court.[2] We doubt that the Legislature intended to have the question of judicial disqualification in cases such as this turn on such an inconsequential formality. Unaware of any authority to the contrary, we hold the mere identity of case numbers does not establish that separate petitions under section 602 create a single proceeding for purposes of Code of Civil Procedure section 170.1.

**B.** *Did Referee Warmerdam Impliedly Serve as Both Lawyer and Judge in the Same Proceeding?*

Although we have concluded the two petitions marked what were in fact separate proceedings between the same parties, Code of Civil Procedure section 170.1 still provides mechanisms whereby they may be *treated* as the same proceeding, and therefore may require disqualification.

Referee Warmerdam was disqualified from hearing the second petition if he "*gave advice* to any party in the present proceeding upon any matter involved in the action or proceeding." (Code Civ. Proc., § 170.1, subd. (a)(2), italics added.)

There is no evidence that Warmerdam advised any party regarding any matters involved in the second proceeding.

Warmerdam was also disqualified from hearing the second petition if "in any other proceeding *involving the same issues* he or she served as a lawyer for any party in the present proceeding . . . ." (Code Civ. Proc., § 170.1, subd. (a)(2), italics added.) Moreover, "A judge who served as a lawyer for . . . a public agency which is a party to the proceeding shall be deemed to have served as a lawyer in the proceeding if he or she personally advised or in any way represented the public agency concerning the *factual or legal issues* in the proceeding." (Code Civ. Proc., § 170.1, subd. (a)(2)(B), italics added.)

Thus, the next question is whether there was any identity of issues between the two proceedings.

The only apparent area in which issues might have overlapped is at the dispositional hearing on the second petition when Referee Warmerdam sent Arthur to Camp Erwin Owen. In evaluating the appropriate disposition, the referee stated the following:

---

[2] Although several statutes define the duties of a court clerk, we find none dealing with the assignment of case numbers. (See Gov. Code, § 69841 et seq.; 2 Witkin, Cal. Procedure (3d ed. 1985) Courts, §§ 285-294, pp. 307-315.)

"THE COURT: Mr. Myers, in my assessment of the situation, I think this young man escapes the California Youth Authority for basically one reason and one reason alone and that is that *his only prior referral, prior court appearance was in regard to a battery charge so that his previous appearances were not for a serious—particularly serious matter . . . .*" (Italics added.)

Does the court's consideration of Arthur's prior adjudication for a battery charge create an identity of issues between the two proceedings?

In this instance, the answer is no. Arthur *admitted* the facts supporting count II of the original petition (battery) on the day after that petition was filed, and no fact-finding hearing was held. For purposes of the language in question, an issue arises only where there is a dispute of fact or law between the parties. ▮ "[A]n issue is the disputed point or question to which the parties to an action have narrowed their several allegations and upon which they are desirous of obtaining either the decision of the court on a question of law or of the court or jury on a question of fact." (*Muller* v. *Muller* (1965) 235 Cal.App.2d 341, 343-344 [45 Cal.Rptr. 182].)

The *Muller* court, interpreting language in former Code of Civil Procedure section 170 substantially similar to that presented by Code of Civil Procedure section 170.1, found no overlapping issues, and thus no basis for disqualification, when the second proceeding ended in a default judgment. "Defendant's failure to appear and answer is a confession that all the material facts alleged in the complaint are true. [Citations.] Accordingly, even if we assume . . . that the issue of ownership was tendered in the first action . . . , no such issue was tendered in the instant action since no issues at all were raised therein. We conclude, therefore, that as a result of defendant's default in the instant action, there can be no merit to his assertion that the two actions involved an issue which was the same, . . ." (235 Cal.App.2d at p. 344.)

▮ In this instance the sequence is reversed, but the result is the same. In the original proceeding in which Warmerdam participated as counsel, there were no disputed factual or legal contentions, and thus no "issues" for purposes of the disqualification statutes. Warmerdam's later consideration of the battery adjudication while he sat as referee at the dispositional hearing therefore involved no shared issue with the original proceeding.

### C. *Conclusion.*

Because the proceeding under review is not the same proceeding in which Arthur was originally declared a ward, and because Referee Warmerdam did not, in his former role as deputy district attorney, represent or give

advice to any party concerning any factual or legal issues involved in this proceeding, there is no basis for his disqualification under Code of Civil Procedure section 170.1.

### DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Harris, J., concurred.