[No. A071400. First Dist., Div. Four. Jan. 31, 1996.]

JOSEPH PETER SINCAVAGE, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Charles H. James, Public Defender, William W. Veale, Chief Assistant Public Defender, and Cecily McCowen, Deputy Public Defender, for Petitioner.

Victor J. Westman, County Counsel, Arthur W. Walenta, Jr., Assistant County Counsel, and Adam Miller, Deputy County Counsel, for Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Doug MacMaster, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**POCHÉ, J.**—Petitioner Joseph Peter Sincavage seeks a writ to require the disqualification of Judge Barbara Zuniga. As explained hereafter we conclude that Judge Zuniga was disqualified under section 170.1, subdivision (a)(6)(C) of the Code of Civil Procedure.[1]

### FACTS AND PROCEDURAL HISTORY

On February 15, 1995, an information was filed charging petitioner with possession for sale and transportation of methamphetamine in violation of

---

[1] Unless otherwise indicated all further statutory references are to the Code of Civil Procedure.

Health and Safety Code sections 11378 and 11379 and with felonious vehicular evasion of a peace officer in violation of Vehicle Code section 2800.2. The information also alleged prior robbery and attempted robbery convictions on February 10, 1982.

Prior to trial, the court granted petitioner's motion to sever petitioner's trial on the Health and Safety Code violations from his trial on the Vehicle Code violation. On April 13, 1995, petitioner appeared for trial pro se on the methamphetamine charges before Judge Zuniga. Over petitioner's objection, the court granted the People's motion to bifurcate a hearing on the priors. After the noon recess, Brian Haynes, the assistant district attorney appearing for the People, reported that he had reviewed a transcript of the plea in the 1982 proceedings against petitioner. He noticed that Judge Zuniga was the calendar deputy district attorney at the time. Another deputy district attorney actually had taken the plea. "It appears as though you took a very minimal part in the plea and appears as though you were there just calling the calendar." Judge Zuniga looked at the transcript and stated that she had merely called the case and she did not see a problem. Petitioner asked what the implications would be if he waived the fact that Judge Zuniga acted as prosecutor in the 1982 case against him and the judge replied: "Let me tell you, Mr. Sincavage, my being the calendar deputy, this is the law, my being the calendar deputy on this case is not a factor which disqualifies me from hearing your case unless I indicate on the record that I could not be objective. I have no difficulty with being objective. . . ." She went on to explain: "If in fact, Mr. Sincavage, I had taken your plea, if I had prosecuted one of your cases, I would automatically recuse myself. I would not hear the case. [¶] From looking at the transcript, I merely called your case and another prosecutor and Mr. Coleman . . . from the Public Defender's Office were actually involved in the plea itself." After verifying with the deputy district attorney that her name appeared only as calendar deputy, the court stated: "Mr. Sincavage, what do you want to do, sir? [¶] I do not intend to recuse myself at this point. I don't feel it's necessary. [¶] Your remedy at this time is you can waive any irregularity, any perceived irregularity, as Mr. Haynes has, or you can exercise your 170.6 and you'll go to another department. It's up to you." Petitioner asked for time to go over the transcript Mr. Haynes had provided and to contemplate the matter. Judge Zuniga said she could not allow as much as a half-hour since the jurors were ready. She allowed petitioner 15 minutes. After this brief recess, the discussion resumed. Petitioner remarked that Mr. Haynes had mentioned that if he exercised his right in this case, presumably pursuant to section 170.6, he would not be able to exercise the right again. The court confirmed this and then told him a challenge for cause was also possible in which event another judge would determine whether there was bias. Petitioner then asked why

Judge Zuniga's participation in the 1982 case would not be grounds: "Why is that? [¶] I don't understand that. If you were there actually and participated in the case, wouldn't that give you prior knowledge to this case? [¶] Wouldn't that actually entail having to disqualify yourself?" Judge Zuniga explained that it would not be grounds for disqualification. "[T]he only reason I would . . . disqualify myself is if I felt I could not be fair to you and objective. And that poses no problem to me. I'm known to have a good memory, Mr. Sincavage, but it's not that good." The judge stated that she had heard of Mr. Sincavage because he had been known "to get a little contemptuous during proceedings" and petitioner asked if she felt that he was being contemptuous at that time. The judge said, "No, you're being very polite." Petitioner then said that he would be happy to go ahead and let her try the case.

On April 14, 1995, a mistrial was declared. The case was reassigned to Judge Zuniga for jury trial and on May 25, 1995, petitioner was convicted of the charges. Trial on the priors was set for June 26, 1995.

On June 24, 1995, petitioner moved to strike the priors. Counsel was appointed for petitioner and on July 27, 1995, petitioner through his counsel moved to disqualify Judge Zuniga for cause pursuant to section 170.1. In a declaration in support of the motion, counsel stated that when she reviewed the file on the prior convictions on July 19, 1995, she discovered that Judge Zuniga had conducted the preliminary examination. Counsel attached a few pages from the preliminary hearing as evidence of this fact. She concluded her declaration with the following statement: "The prior convictions are now critical to sentencing in this case. I believe that a reasonable member of the public would fairly entertain doubt regarding Judge Zuniga's impartiality in this case. It also appears that Judge Zuniga may have had personal knowledge of matters pertinent to sentencing in this case."

In her response, Judge Zuniga stated that she had no recollection of petitioner or the underlying proceeding and knew of no reason that would prevent her from continuing to hear his matters in a fair manner. On August 30, 1995, Judge Arnold D. Rosenfield, the judge appointed to determine the challenge, denied the motion to disqualify.

On September 11, 1995, petitioner filed a petition in this court challenging the denial. We stayed further proceedings and issued an alternative writ.

Both the People as real party in interest and the court as respondent have filed returns.[2]

DISCUSSION

■ In his decision on the motion to disqualify, Judge Rosenfield stated that petitioner had not identified the particular subsection of section 170.1 which he felt was applicable to his motion to disqualify Judge Zuniga for cause.[3] Judge Rosenfield stated that the potential applicable section was subdivision (a)(1) and (a)(2) which provides: "(a) A judge shall be disqualified if any one or more of the following is true: . . . (2) The judge served as a lawyer in the proceeding, *or in any other proceeding involving the same issues* . . . ." (Italics added.) The subdivision goes on to provide: "(B) A judge who served as a lawyer for or officer of a public agency which is a party to the proceeding shall be deemed to have served as a lawyer in the proceeding if he or she personally advised or in any way represented the public agency concerning the factual or legal issues in the proceeding."

Judge Rosenfield concluded that this ground for disqualification did not apply because there was no similarity of issues between the prior charges in which Judge Zuniga acted as prosecutor and the present charges. Judge Rosenfield cited *In re Arthur S.* (1991) 228 Cal.App.3d 814 [279 Cal.Rptr. 69], as "informative" and "controlling."

A reading of *Arthur S.* leads to the conclusion that, while "informative," the case is not "controlling." In *Arthur S.*, a former district attorney sat as a juvenile court referee to hear a subsequent petition regarding a juvenile he had previously prosecuted. (*In re Arthur S., supra*, 228 Cal.App.3d at p. 817.) The court held that the subsequent petition was not a supplemental petition even though it bore the same case number and thus could not be considered the "same proceeding." (*Id.* at p. 818.) In its reasoning, the court considered it significant that the subsequent petition did not mention the

---

[2]On September 14, 1995, petitioner attempted to exercise a peremptory challenge of Judge Zuniga pursuant to section 170.6. Judge Zuniga denied the disqualification as untimely. We agreed and summarily denied a petition challenging the denial. In his petition, petitioner contended that he was deprived of an opportunity to exercise a timely peremptory challenge by inaccurate information. That is an overstatement. He was given an opportunity to exercise his peremptory challenge on April 13, 1995, when all concerned were of the view that a challenge for cause would not be warranted. The record on that date suggests that petitioner may have been somewhat confused in the reasoning that led him not to exercise his peremptory challenge. However, he was not deprived of an opportunity to do so. Rather, he was accorded the opportunity to do so and elected not to.

[3]Petitioner's counsel states in her verified petition, that Judge Rosenfield did not request written arguments and did not set the matter for hearing. Counsel for petitioner had no notice of the identity of the appointed court until counsel received the decision.

previous conduct or involve a violation of probation. Although the referee determining the punishment for the subsequent petition considered the juvenile's entire history, "there was no aggregation of confinement time." (*Id.* at p. 819.) The punishment for the subsequent offenses was not governed by the prior felonies.

In contrast, punishment in petitioner's case will be governed by the prior felonies as this is a three strikes case in which the priors can result in a sentence of 25 years to life. (See Pen. Code, § 667.) The issue as to the application of section 170.1, subdivision (a)(2), is whether the two proceedings involve "the same issues" within the meaning of that section. There is no California case which discusses this question and cases in other jurisdictions have reached varying results under their statutes. (See Annot., Disqualification of Judge—Criminal Cases (1982) 16 A.L.R.4th 550, § 7, p. 565.)

We do not need to reach a conclusion as to the application of section 170.1, subdivision (a)(2), because we conclude that under the particular facts of this case, Judge Zuniga is disqualified under section 170.1, subdivision (a)(6)(C). Under this subdivision, disqualification is required where, for any reason, "a person aware of the facts might reasonably entertain doubt that the judge would be able to be impartial."[4] Where, as here, the underlying events are not in dispute, disqualification on this ground becomes a question of law which this court may determine. (*Flier* v. *Superior Court* (1994) 23 Cal.App.4th 165, 171 [28 Cal.Rptr.2d 383].)

There are two facts in this case which, taken together, lead to the conclusion that, as a matter of law, a person knowing these facts would entertain doubt that Judge Zuniga would be impartial in ruling on matters involving the priors. The first fact is that Judge Zuniga was active in the prosecution of the priors. The second is that Judge Zuniga herself stated, if she heard that she had acted as prosecutor in a case charged as a prior, she would automatically recuse herself. Her statements may well have led petitioner to refrain from exercising any challenge at that time. A doubt as to impartiality and fairness arises when the judge changes her mind upon learning the very fact which she earlier said would disqualify her.

Respondent and real party in interest point out that Judge Zuniga had already conducted the trial on the methamphetamine charges and that petitioner himself acknowledged her impartiality after the trial in a letter he wrote to Judge Zuniga thanking her for her understanding and consideration of his in propria persona posture. They cite *United Farm Workers of America*

---

[4]Petitioner raised this ground in his statement of disqualification by reference to the language of the subdivision.

v. *Superior Court* (1985) 170 Cal.App.3d 97, 106-107 [216 Cal.Rptr. 4], a case in which a midtrial motion to disqualify the trial judge occurred after the grounds for the motion were discovered. The reviewing court held that the judge's impartial conduct of the trial for eight weeks prior to the making of the motion must be considered as evidence of impartiality.

Judge Zuniga's impartiality during the trial on the current offenses is much less relevant than was the case in *United Farm Workers* and is certainly not dispositive. Her possible appearance of bias is directed to issues regarding the priors and not, as in *United Farm Workers,* to the conduct of the trial.

Because of the timing peculiar to the instant motion, disqualification would not invalidate the judgment of conviction of the current offenses. Under section 170.3, subdivision (b)(4), only proceedings after the grounds for disqualification were discovered would be affected. The grounds here were not discovered until July 19, 1995, when counsel reviewed the proceedings on the priors in preparation for sentencing and a hearing on the motion to strike.[5]

■ Besides contending that this court should deny the petition on its merits, the People contend that this court should deny for two procedural reasons. First, the People contend that petitioner failed to provide an adequate record in that petitioner did not supply a complete transcript of the 1981 preliminary hearing at which Judge Zuniga represented the People. This transcript is not necessary to determine the issue of disqualification. The disqualification due to Judge Zuniga's representation of the People at the hearing on the prior does not depend upon an identity of factual issues but upon the fact that the prior will govern the punishment of the current offenses.

The People also contend that petitioner should have furnished a complete transcript of the jury trial on the methamphetamine charges which would reveal that Judge Zuniga acted impartially during this phase of the proceeding. This transcript is also not needed. Petitioner does not contend that Judge Zuniga acted with bias toward him in the trial.

Citing the rule that a party must present his challenge at the earliest practicable opportunity after discovery of the facts, the People contend that

---

[5]Section 170.3, subdivision (b)(4) provides: "In the event that grounds for disqualification are first learned of or arise after the judge has made one or more rulings in a proceeding but before the judge has completed judicial action in a proceeding, the judge shall, unless the disqualification be waived, disqualify himself or herself, but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge."

petitioner waived his challenge for cause by failing to seek Judge Zuniga's disqualification before proceeding to trial. (See *In re Steven O.* (1991) 229 Cal.App.3d 46, 54-55 [279 Cal.Rptr. 868]; *Urias* v. *Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 424-425 [285 Cal.Rptr. 659].) The People point out that petitioner had actual knowledge that Judge Zuniga was the calendar deputy district attorney at the time of his plea and had constructive knowledge that she was the prosecutor at his preliminary hearing. We conclude that petitioner did not waive his right to challenge Judge Zuniga through lack of diligence. Obviously neither petitioner nor Judge Zuniga remembered that she had acted as prosecutor at the 1981 preliminary hearing. On April 13, 1995, when Deputy District Attorney Haynes revealed that Judge Zuniga had been present at the time of the plea, his statements and those of Judge Zuniga lulled petitioner into believing that her role had been limited and that grounds for a challenge for cause did not exist. Only when petitioner's attorney reviewed the complete file in preparation for a motion to strike priors and for sentencing did the grounds for disqualification become known either to petitioner or to Judge Zuniga.

Let a peremptory writ of mandate issue directing respondent court to reassign further proceedings in case No. 950260-0 to a judge other than the Honorable Barbara Zuniga.

Anderson, P. J., and Reardon, J., concurred.

Petitioner's application for review by the Supreme Court was denied April 24, 1996.