Filed 2/2/16  P. v. Mora CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>NELSON MORA,<br><br>　　　Defendant and Appellant. | E062470<br><br>(Super.Ct.No. FMB1300211)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Nelson Mora appeals his conviction of one count of assault by means of force likely to produce great bodily injury. He contends that the trial court erred in admitting a redacted video recording from the security video system of the store where the assault took place, that the trial judge should have recused himself because, as a deputy district attorney, he prosecuted defendant 16 years before the trial in this case, and that the trial court abused its discretion in denying his motion to strike a strike prior pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). We will affirm the judgment.

## PROCEDURAL HISTORY

Defendant was charged with assault with a deadly weapon (Pen. Code, § 245 subd. (a)(1); count 1) and assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count 2).[1] The information alleged that defendant personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a), in the commission of both counts. The information also alleged that defendant had a prior serious felony conviction, for a violation of section 288, subdivision (a), within the meaning of section 667, subdivision (a)(1), and within the meaning of sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d).

---

[1] All further statutory citations refer to the Penal Code, unless another code is specified.

On motion by the prosecution, the court dismissed count 1 for insufficiency of the evidence.[2] A jury convicted defendant on count 2 but found the great bodily injury enhancement not true. Defendant waived jury trial on the prior felony conviction allegations and admitted the prior felony conviction. At sentencing, the court declined defendant's invitation to strike the prior felony conviction. The court sentenced defendant to the middle term of three years, doubled.[3]

Defendant filed a timely notice of appeal.

FACTS

On April 9, 2013, Samuel Crump-Anderson was at work in his volunteer position as "[m]anager, partner, and just employee" at the Blue Tide medical marijuana dispensary in Morongo Valley. Anderson was in the back parking lot of the business when he saw defendant drive in and park his truck in the dispensary's only handicapped parking space. He asked defendant to move his car because the dispensary had many customers who needed to use that space. Defendant refused rudely and an argument ensued. Both men raised their voices. After several minutes of arguing, defendant moved his vehicle. Defendant had a history of rude and inappropriate behavior at the dispensary, and Anderson was the only employee who was willing to deal with him.

---

[2] A witness had suggested to the police that defendant might have assaulted the victim by striking him with a mason jar, but the evidence at trial apparently showed that the sole means of the assault was defendant's fists.

[3] The court found the allegation pursuant to section 667, subdivision (a)(1), not applicable. It is not applicable because defendant's current conviction is not a serious felony as defined in section 1192.7. (§ 667, subd. (a)(4).)

Anderson went back inside the dispensary using the rear door. Defendant came in through the customer entrance, where he entered the "buffer" or "customer overflow" area. Customers would wait in that area until they were "buzzed" into the dispensing area. Kassaundra Marohn was working in the booth where she would take the customer's identification, check them in and ultimately admit them to the dispensing area. She took defendant's identification and buzzed him in. He did not appear to be angry or upset. When he entered the dispensing area and came into contact with Anderson, he immediately became upset and resumed arguing about parking. Marohn could not see directly into the dispensing area while she was in the booth, but she could see it on the security monitor.

Anderson and defendant continued to argue, then defendant threw his driver's license or a punch card at Anderson. Anderson threw it back onto the counter. It bounced off and landed on the floor. Defendant turned as though to leave but then turned around and punched Anderson in the face, breaking his nose. Anderson struggled with defendant and eventually pushed him out the door. Marohn called 911. After interviewing Anderson at the hospital and then Marohn at the dispensary, Deputy Coillot went to defendant's house. After speaking to defendant, Coillot arrested him.

Although Anderson suffered a broken nose and some facial lacerations and had headaches for several days after the incident, his injuries caused no lasting effects. His nose did not require surgery or setting.

4

LEGAL ANALYSIS

1.

THE VIDEO RECORDING WAS PROPERLY ADMITTED INTO EVIDENCE

The defense made a motion in limine to exclude a video recording of the incident on the ground that it was edited and that it was prepared by the victim. Defense counsel told the court that Anderson attempted to download the actual surveillance camera video first onto a CD-ROM and later onto a thumb drive, but that the format he used was not compatible with the sheriff's department devices. He said that Anderson then recorded the video on an iPad and emailed it in two parts to Deputy Coillot. Defense counsel objected to the video on grounds that it was not complete, that it had been edited by the victim, chain of custody, and lack of foundation.

The prosecution explained that on the day of the incident, Deputy Coillot viewed the dispensary's recorded surveillance video of the incident. He asked Marohn to make a copy and send it to him. When the first two attempts to provide a usable recording failed, Anderson made a video, directly from the surveillance monitor, on the dispensary's iPad. He emailed it to Coillot. The iPad's software automatically divided the video into two files. The prosecutor represented to the court that Deputy Coillot would testify that he saw the entire surveillance video on the date of the incident and that the iPad version was the same as the footage he originally saw. The trial court ruled the video recording admissible, subject to a foundation being laid at trial.

Defendant now contends that the court abused its discretion by admitting the video into evidence because it was not a complete recording of the entire incident as it was

5

captured on the dispensary's surveillance cameras. The issue, however, is forfeited. "A tentative pretrial evidentiary ruling, made without fully knowing what the trial evidence would show, will not preserve the issue for appeal if the appellant could have, but did not, renew the objection or offer of proof and press for a final ruling in the changed context of the trial evidence itself." (*People v. Holloway* (2004) 33 Cal.4th 96, 133.) Here, the trial court's ruling, that the recording was admissible, was expressly made subject to objection on foundational grounds at trial. The defense did not object either when the video was played for the jury or when it was offered into evidence. Accordingly, the issue was not preserved for appeal.

Moreover, even if defendant had objected at trial on the ground he raises on appeal, we would not find that the trial court abused its discretion in ruling the video admissible.[4] A video or photograph is typically authenticated by showing that it is a fair and accurate representation of what it purports to depict. (*People v. Chism* (2014) 58 Cal.4th 1266, 1303.) Authentication may be established by the testimony of anyone who knows that the picture or video correctly depicts what it purports to represent. (*Ibid.*) There is a rebuttable presumption that "'[a] printed representation of images stored on a video or digital medium is presumed to be an accurate representation of the images it purports to represent.' The presumption affects the burden of proof and is rebutted by a showing that the 'printed representation of images stored on [the] video or digital medium is inaccurate or unreliable.' ([Evid. Code, § 1553, subd. (a)].) The burden then

_____

[4] A trial court's ruling on the admissibility of evidence is generally reviewed for abuse of discretion. (*People v. Williams* (1997) 16 Cal.4th 153, 196-197.)

shifts to the proponent of the printed representation to prove by a preponderance of the evidence that it accurately represents the existence and content of the images on the video or digital medium. (*Ibid.*) If the proponent of the evidence fails to carry his burden of showing the printed representation accurately depicts what it purportedly shows, the evidence is inadmissible for lack of adequate foundation." (*Chism*, at p. 1303.)

At trial, the testimony of Anderson, Marohn and Coillot established that the proffered video accurately represented the relevant portion of the events that it purported to depict. Marohn testified that she, not Anderson, recorded the video from the store monitor using an iPad. She began the recording at the point at which "everything started happening." Marohn, Anderson and Coillot all viewed the full video recording from the store monitors and testified that the portion omitted from the iPad recording would have shown defendant entering the store, being admitted by Marohn and walking to the counter in the dispensing area. Marohn and Anderson testified that defendant did not appear agitated at any point until he began arguing with Anderson. Defendant's testimony was also consistent with theirs.[5] He testified that he entered the store calmly, was admitted to the dispensing area, and walked to the counter. He testified that Anderson was angry and argumentative, but he did not describe anything that was not

---

[5] Defendant's assertion that "[t]he omitted portions would be relevant to claims that Mora was all upset when he entered the store and when he entered the dispensing area" is refuted by the evidence. No one testified that Mora appeared upset when he entered either area of the store. Similarly, we reject his claim that the video ended prematurely because it did not show Anderson following Mora to his truck because the undisputed evidence showed that there were no surveillance cameras outside the store, except at the front door.

7

captured on the video that would have shown, for example, that Anderson, rather than he, was the aggressor in the physical confrontation, or that Anderson's broken nose resulted from anything other than being punched by defendant. The first physical act defendant described was Anderson throwing defendant's punch card back at him. That action was shown on the video, according to defendant's own testimony. The trial court commented on it as well at sentencing. Accordingly, because the video accurately depicted all pertinent portions of the incident, the trial court would not have abused its discretion if it had overruled a foundation objection at trial.

2.

THE TRIAL JUDGE PROPERLY DECLINED TO RECUSE HIMSELF

Before the trial commenced, defense counsel informed the court that he had discovered that 16 years earlier, the trial judge had been the prosecutor in a felony prosecution in which defendant had pleaded guilty to assault with a deadly weapon on his mother. The mother was to be a witness in the current case concerning injuries she observed on defendant after the fight took place. In the prior case, the attorney believed that the judge had contacted defendant's mother to ask her to testify. Defense counsel asked the judge to recuse himself on the basis of "[i]nitial contact, prior contact, [and a] prior relationship with a witness in this matter." Counsel added, "I see no evidence of bias in this instance, but I'm just concerned about potential appearance in the future."

The judge stated that he had reviewed the printout of the prior case—the file had been destroyed—and the police report in the prior case and that he had no recollection of the case. He stated that the record showed the case did not go to trial or even to a

8

preliminary hearing. Rather, defendant pleaded guilty prior to a preliminary hearing being held. The judge also noted that although he was informed that defendant's mother indicated he had tried to call her during the prior case, he did not recall having any face-to-face interaction with her and did not recognize her now.[6] The judge declined to recuse himself, saying that he had no bias.

Code of Civil Procedure section 170.1 provides for the disqualification of judges on a number of grounds, all relating to an actual or potential lack of impartiality. The statute does not expressly require recusal on the grounds asserted by defendant at trial, i.e., prior contact with a witness in the current case. Defendant now contends that this circumstance comes within Code of Civil Procedure section 170.1, subdivision (a)(6)(A)(iii), which provides that a judge must disqualify himself if "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."

Defendant does not cite any authority to establish that the denial of his motion is reviewable on appeal, and in fact it is not. Code of Civil Procedure section 170.3, subdivision (d), provides the exclusive means of review of statutory disqualification claims. That subdivision provides in pertinent part: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by

---

**6** Defendant points out that his mother, who spoke at his sentencing hearing, informed the judge that she had met with the judge in his office during the earlier prosecution and stated that he had been very upset that defendant victimized her and that the judge tried to persuade her to testify against defendant, but she refused. Had that information been relayed to the court during the hearing on the disqualification motion, the court might have ruled differently. The information was not before it, however, and defendant did not renew his disqualification motion at the sentencing hearing.

a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding." (Code Civ. Proc., § 170.3, subd. (d); see *People v. Williams* (1997) 16 Cal.4th 635, 652.) Accordingly, because defendant did not file a writ petition, his claim is barred.[7] To the extent that his claim might be construed to assert a nonstatutory violation of his due process right to trial by an impartial judge, his failure to pursue his writ remedies bars this claim as well. (*People v. Brown* (1993) 6 Cal.4th 322, 335-336.)

3.

THE DENIAL OF DEFENDANT'S *ROMERO* MOTION

WAS NOT AN ABUSE OF DISCRETION

A trial court may strike one or more strike priors if it concludes that an exception to the three strikes scheme should be made ""because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme."' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) In reaching that decision, the trial court must consider whether, "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) An appellate

---

[7] *Sincavage v. Superior Court* (1996) 42 Cal.App.4th 224, on which defendant relies, is a writ proceeding. (*Id*. at p. 226.) *People v. Crappa* (1925) 73 Cal.App. 260, on which defendant also relies, predates the 1984 enactment of Code of Civil Procedure section 170.3. (Stats. 1984, ch. 1555, § 7.)

10

court will not find an abuse of discretion in denying a request to strike a prior unless the trial court was not aware of its discretion to strike a prior conviction or, in an extraordinary case, where the circumstances are such that no reasonable person could disagree that the defendant falls outside the spirit of the three strikes law. (*Carmony*, at pp. 378-379.) In contrast, in the absence of such extraordinary circumstances, where the record demonstrates that the trial court has balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, no abuse has occurred. (*Carmony*, at p. 378.)

Defendant contends that the trial court abused its discretion when it declined to strike his strike prior.[8] He relies primarily on what he refers to as the relatively minor nature of the current offense and argues that the six-year sentence is extreme in relation to "a low end aggravated assault." He also contends that his criminal record is relatively minor and that he has stayed out of trouble for years, and that he has been a productive citizen for a number of years. The trial court considered those factors, however. In ruling on the request for probation, the court stated that the crime was "shocking" and violent, and that defendant's history of violence was the most significant factor in deciding the appropriate outcome. The court considered defendant's attempt to justify his acts by claiming he was provoked and the lack of remorse he demonstrated up until

---

[8] Defendant's request was for the court to strike the prior conviction and impose probation. The court's comments did not directly address the request to strike the prior but instead focused on whether probation would be appropriate. However, in order to grant probation, the court would have to strike the prior conviction. Accordingly, we view its comments in that context.

11

the sentencing hearing. The court considered all of the glowing statements of defendant's family members who spoke at the hearing and the fact that defendant had "turned everything around" and had been of great help to his family. But, the court found, those "good things" do not overcome the act of violence defendant committed, and it talked about how, in the blink of an eye, defendant decided to commit the assault, in which he "reached over that counter and engaged that victim and began to beat him and put him in a headlock . . . [and] struck him repeatedly with [his] fist." The court went on to say that because defendant had suffered consequences for prior acts of violence, he "of all people" should have considered the consequences that would result from assaulting Anderson. The court concluded that all the good that defendant had done did not outweigh his history of violence and concluded that probation would be inappropriate for this new act of violence.

The record shows that the trial court considered the nature and circumstances of defendant's present felony and his prior serious felony convictions, and the particulars of his background, character, and prospects, as required. (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.) We cannot say that it was an abuse of discretion to conclude that the defendant could not be deemed outside the scheme's spirit, in whole or in part. Consequently, it was not an abuse of discretion to deny probation and to refuse to strike the strike prior.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER                          
J.

We concur:

RAMIREZ                          
P. J.

MILLER                          
J.

13