Filed 8/26/21  Ionescu v. Superior Court CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| WILLIAM LIGIU IONESCU,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF<br>CONTRA COSTA COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest and<br>    Respondent. | A162205<br><br><br>(Contra Costa County<br>Super. Ct. No. 05-191098-3) |

This case is before us following a grant of review and transfer from the California Supreme Court.  The court's order directed us to vacate our summary denial of William Ligiu Ionescu's petition for writ of mandate and to issue an order to show cause why the petition should not be granted.  We complied.  The petition seeks a writ directing the respondent court to vacate its order striking petitioner's challenge for cause pursuant to Code of Civil Procedure section 170.1[1] and to make a new and different order granting the challenge or, in the alternative, to accept the challenge for filing and consider

_____

    [1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

1

it on its merits. We find respondent erred by striking petitioner's challenge for cause as untimely. We order respondent to accept the challenge pursuant to section 170.1 and to consider the challenge on its merits pursuant to section 170.3 et. seq.

## BACKGROUND

On May 21, 2019, petitioner was arraigned on a complaint alleging threats against state officials or judges and criminal threats. Petitioner's arraignment and bail hearing were heard by visiting retired Contra Costa County Superior Court Judge David Flinn. On June 5, 2019, petitioner was held to answer on all counts at a preliminary hearing before visiting retired Alameda County Superior Court Judge Lawrence Appel. The information filed on June 17, 2019, alleges four counts of violation of Penal Code section 76, subdivision (a) (threatening state officials or judges), regarding threats to Contra Costa County Superior Court Judge John Devine and Contra Costa County Sheriff David O. Livingston made on May 14, 2019, and May 15, 2019 (counts 1, 3, 5, 7), and four counts of violation of Penal Code section 422, subdivision (a) (criminal threats; counts 2, 4, 6, 8) regarding Judge Devine and Sheriff Livingston.

On June 24, 2019, at a hearing before visiting retired Merced County Superior Court Judge Harry L. Jacobs, petitioner's counsel expressed doubt about petitioner's competency to stand trial pursuant to Penal Code section 1368. Criminal proceedings were suspended while Penal Code section 1368 proceedings were held before Contra Costa Superior Court Judges Clare Maier and Laurel Brady.[2]

---

[2] Petitioner exercised a Code of Civil Procedure section 170.6 challenge to Contra Costa County Superior Court Judge Lewis Davis, who was initially assigned to hear the Penal Code section 1368 proceedings.

2

On January 27, 2021, petitioner was found competent to stand trial and criminal proceedings were reinstated. On February 5, 2021, petitioner was notified that the case was assigned for all purposes to Department 3, Judge Patricia Scanlon. On February 9, 2021, petitioner filed a challenge for cause pursuant to section 170.1, asserting that facts exist such that an average person might reasonably entertain doubt that Judge Scanlon would be able to be impartial toward petitioner. Specifically, the challenge asserted that one of the named victims in the case is Judge Devine, who is a colleague of Judge Scanlon and that "[t]he relationship between Judge Scanlon and Judge Devine creates the appearance of bias . . . ." On March 3, 2021, the parties appeared before Judge Scanlon, who noted the filed challenge but suggested it had been filed improperly.[3] Nevertheless, Judge Scanlon directed the parties to contact the court about reassignment.

On March 3, 2021, petitioner's counsel was informed by the trial court in an e-mail that the case had been reassigned for all purposes to Department 27, Judge Terri Mockler. On March 8, 2021, the parties appeared before Judge Mockler, and petitioner's counsel stated she wished to file a challenge for cause pursuant to section 170.1 and that she was prepared to serve the court personally. The trial court "surmise[d] that you're trying to recuse the entire bench because of the nature of the charges" and struck the

---

[3] The record does not include a transcript of the March 3, 2021 proceeding before Judge Scanlon. Instead, petitioner submitted his counsel's declaration stating that Judge Scanlon suggested the challenge for cause was improperly filed, but then indicated she would not handle the case and directed the parties to contact the court about reassignment. The respondent does not dispute petitioner's recitation of what occurred at the March 3, 2021 proceeding. We conclude that the transcript of the March 3, 2021 proceeding is not necessary to determine the issue before us regarding petitioner's March 8, 2021 challenge for cause against Judge Mockler.

challenge as untimely because the case "has been handled by the Contra Costa bench since its inception in May of 2019." When petitioner's counsel asked, "Is the Court not allowing me to file the 170.1?" the court responded, "I think it's untimely." Petitioner's unfiled challenge for cause pursuant to section 170.1 states "that facts exist such that an average person aware of those facts might reasonably entertain a doubt that the Honorable Terri Mockler would be able to be impartial towards [petitioner]." The challenge states that Judge Mockler's colleague Judge Devine is one of the named victims and that the relationship between them creates the appearance of bias.

## DISCUSSION

The issue before us is whether the trial court erred when it refused to allow petitioner to file a section 170.1 challenge and struck the challenge as untimely. Petitioner asserts the trial court's ruling should be reviewed for abuse of discretion, citing *Zilog, Inc. v. Superior Court* (2001) 86 Cal.App.4th 1309, 1315 ("A trial court abuses its discretion when it erroneously denies as untimely a motion to disqualify a judge pursuant to section 170.6"). Although the California Supreme Court stated in *People v. Alvarez* (1996) 14 Cal.4th 155, 237, "As a general matter, an appellate court reviews a trial court's ruling on a recusal motion for abuse of discretion," several Court of Appeal decisions have applied a de novo standard of review when the facts are undisputed. (E.g., *Briggs v. Superior Court* (2001) 87 Cal.App.4th 312, 319; *Sincavage v. Superior Court* (1996) 42 Cal.App.4th 224, 230.) We need not decide which standard of review applies here because we find the trial court erred under either standard of review.

Section 170.1 sets forth the grounds for disqualifying a judge for cause, including if "[a] person aware of the facts might reasonably entertain a doubt

4

that the judge would be able to be impartial." (§ 170.1, subd. (a)(6)(A)(iii).) Section 170.3 outlines the applicable procedures for determining challenges for cause. Section 170.3, subdivision (c)(1) states: "If a judge who should disqualify himself or herself refuses or fails to do so, any party may file with the clerk a written verified statement objecting to the hearing or trial before the judge and setting forth the facts constituting the grounds for disqualification of the judge. The statement shall be presented at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification. Copies of the statement shall be served on each party or his or her attorney who has appeared and shall be personally served on the judge alleged to be disqualified, or on his or her clerk, provided that the judge is present in the courthouse or in chambers."

Petitioner sought to disqualify Judge Mockler for cause at the first proceeding before her, five days after he was notified that she had been assigned to his case for all purposes. Judge Mockler interpreted the challenge as an effort "to recuse the entire bench because of the nature of the charges" and found the challenge untimely because the case "[had] been handled by the Contra Costa bench since its inception in May of 2019." Although petitioner's challenge was similar to his prior challenge to Judge Scanlon, it sought recusal only of Judge Mockler, not of all judges of the Contra Costa County Superior Court.[4] Further, except for the Penal Code section 1368 competency proceedings, all other prior hearings in petitioner's

---

[4] Petitioner argues his challenge for cause was not rendered untimely on the basis that he had not previously moved to recuse the entire Contra Costa County bench, and he further argues there is no procedural mechanism to recuse an entire bench. As discussed *ante*, we find petitioner's challenge for cause was directed to Judge Mockler only and not to the entire bench. Therefore, we address only the issue before us, i.e., the timeliness of petitioner's challenge to Judge Mockler for cause.

case were heard by visiting judges who were not current members of the Contra Costa County Superior Court bench. Competency proceedings are special proceedings that are separate and distinct from the criminal action and only involve a determination of the present mental capacity of a defendant to stand trial. (*Waldon v. Superior Court* (1987) 196 Cal.App.3d 809, 813–814.) Indeed, the criminal proceedings were suspended pending the competency hearings. Accordingly, the fact that the competency hearings were heard by Contra Costa County Superior Court judges is not relevant to the timeliness of the Code of Civil Procedure section 170.1 challenge to Judge Mockler.

In *Hollingsworth v. Superior Court* (1987) 191 Cal.App.3d 22, 27, the Court of Appeal interpreted section 170.3, subdivision (c)(1)'s requirement that a challenge for cause " 'shall be presented at the earliest *practicable* opportunity after discovery of the facts constituting the ground for disqualification.' " The Court of Appeal reversed an order striking a statement of disqualification as untimely where the record showed the petitioners did not know the presiding judge had assigned their case to herself until the parties were called into her chambers and the presiding judge began to discuss their application for a temporary restraining order. (*Hollingsworth*, at pp. 24–25.) At that point, petitioners' counsel immediately interrupted and asked the judge to recuse herself, then served her with a motion to disqualify for cause. (*Id.* at p. 25.) The Court of Appeal found "it is unreasonable, as well as impracticable, to require presentation of a statement of disqualification until it is known which judge will hear the case." (*Id.* at p. 28.) Similarly here, petitioner only learned that Judge Mockler had been assigned to his case for all purposes on Wednesday, March 3, 2021; five days later, on Monday, March 8, 2021, at the first appearance before Judge

6

Mockler, petitioner's counsel presented his section 170.1 challenge for cause. We find the challenge for cause was timely.

The People declined to take a position regarding the petition for writ of mandate. The respondent superior court filed a letter brief return arguing, first, that no writ should issue because petitioner did not file or serve the challenge for cause and therefore the issue is not ripe. We disagree. Given the trial judge's statements on the record that she was striking the challenge as untimely even before it had been filed or served, petitioner was not required to risk contempt of court by filing and personally serving the challenge in defiance of the trial court's ruling. Respondent further argues a writ is not necessary for petitioner to have his challenge considered on the merits because "once petitioner complies with section 170.3(c)(1) by filing the statement of disqualification *and* by personally serving a copy of it on Judge Mockler or upon the judge's clerk when Judge Mockler is in the courthouse or in chambers, Judge Mockler will file a verified answer pursuant to section 170.3(c)(3) and the matter will be determined in accordance with section 170.3(c)(5)." We view the respondent's argument as an apparent concession that the petitioner's challenge was not untimely. Nonetheless, we find that because the trial court erroneously refused to allow the petitioner to file the 170.1 challenge and struck the challenge as untimely, a writ shall issue.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of March 8, 2021, striking petitioner's challenge for cause pursuant to Code of Civil Procedure section 170.1 as untimely. Respondent shall permit petitioner to file his challenge for cause seeking to disqualify Judge Mockler, and the parties shall proceed to address the

7

challenge on the merits pursuant to Code of Civil Procedure section 170.3, subdivision (c) and in accordance with this opinion.

Our decision is immediately final as to this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The previously issued stay is dissolved upon issuance of the remittitur.

_____
Jackson, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.


A162205/*Ionescu v. Superior Court*

9