Filed 4/20/21  P. v. Smith CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARLON SMITH,<br><br>Defendant and Appellant. | B303440<br><br>(Los Angeles County Super. Ct. No. SA069183) |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Reversed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General for Plaintiff and Respondent.

————————————

## INTRODUCTION

Appellant filed a motion to expunge his criminal conviction. Before his appointment to the bench, the judge who heard and denied the motion was appellant's defense attorney in the same case. Appellant asks us to reverse the order denying his motion on the ground he was denied an impartial tribunal, a due process violation. We agree and reverse.

## BACKGROUND

In 2009, appellant, while represented by attorney William L. Sadler, pled no contest to one stalking-related offense and was sentenced to formal probation. Appellant entered his plea pursuant to an agreement whereby the People agreed to move to dismiss 10 remaining counts. Mr. Sadler joined in the waivers and plea, and stipulated to a factual basis pursuant to the facts stated in the police report and the preliminary hearing transcript. In 2015, appellant admitted violating the terms of his probation. The trial court found him in violation and imposed a four-year sentence. Appellant was ordered to surrender to commence his sentence. He did not surrender and the trial court issued a bench warrant.

On April 9, 2019, the People asked the court to recall the bench warrant and terminate probation because appellant was in federal custody until 2029 serving another sentence. The court granted those requests.

On August 14, 2019, appellant, in pro per, filed a motion to expunge his stalking conviction. Appellant was not present at the October 17, 2019 hearing on the motion because he was in federal custody; neither was he represented by counsel. The People opposed the motion. The trial court, now presided over by

2

the Honorable William L. Sadler, treated the motion as one filed under Penal Code section 1203.4 and summarily denied it. Appellant filed a timely notice of appeal.

## STANDARD OF REVIEW

Where, as here, the relevant facts are undisputed, the weight of authority supports application of a de novo standard to review whether the trial judge should have been disqualified. (*Wechsler v. Superior Court* (2014) 224 Cal.App.4th 384, 391–392 [de novo review of statutory disqualification motion based on the appearance of partiality].)

## DISCUSSION

A.      Code of Civil Procedure Section 170.1 Mandates
         Disqualification of the Trial Judge

Code of Civil Procedure section 170.1, subdivision (a)[1] provides as follows:  "A judge shall be disqualified if any one or more of the following are true:  [¶] . . .[¶]  (2)(A)  The judge served as a lawyer in the proceeding, or in any other proceeding involving the same issues he or she served as a lawyer for a party in the present proceeding or gave advice to a party in the present proceeding upon a matter involved in the action or proceeding." (§ 170.1, subd. (a)(2)(A).)  Our Supreme Court has issued an ethical opinion that parallels the code.  "Where a judge has previously acted as an advocate for one party in a proceeding that later comes before that judge, the law, quite logically, presumes an impairment of impartiality."  (Disqualification for Prior

---

[1]      All undesignated statutory references are to the Code of Civil Procedure.

3

Appearance as Deputy District Attorney, CJEO Formal Opn. No. 2015-007 (2015) p. 2.)

The parties do not dispute that the trial judge here, William Sadler, acted as appellant's attorney in the very same case and therefore comes within this provision. As a result, he should have been mandatorily disqualified from acting as the trial judge under section 170.1. (See *People v. Barrera* (1990) 70 Cal.App.4th 541, 547 (*Barrera*) [disqualification may not be waived and is mandated where commissioner previously represented defendant as a deputy public defender].)

The People argue appellant's claim under section 170.1[2] is not cognizable because such a claim is reviewable only by petition for writ of mandate, not by direct appeal. It is true section 170.3, subdivision (d) provides that a petition for writ of mandate is the exclusive means of review of a *statutory* judicial disqualification claim. (*People v. Brown* (1993) 6 Cal.4th 322, 334 (*Brown*).) However, there are at least two exceptions to this rule. The first is explicit in *Barrera's* discussion of the statutory limitation: "We conclude, therefore, that in a case such as this . . . parties who were *aware* of the basis for disqualification and chose to waive it are bound by the requirements governing review set forth in subdivision (d) of section 170.3. Absent a timely petition for a writ, the issue is not reviewable." (*Barrera, supra,* 70 Cal.App.4th at p. 552, italics added.)

---

[2] It is unclear if appellant is relying on section 170.1, subdivision (a)(2)(A) or if appellant is making a constitutional claim only. The People responded to both theories and so do we.

4

The parties to this appeal do not dispute that appellant was not present at the hearing and not represented by counsel. Nor does the record indicate appellant was advised in advance by the court that Judge Sadler would be hearing the motion. Because the record does not reflect appellant was *aware* of a basis for disqualifying the trial judge, we conclude he is not required to perfect his challenge to Judge Sadler by way of petition for writ of mandate.[3] Our conclusion is supported by the purpose of the rule, which is to prevent knowledgeable parties from sitting on their rights, secure in the knowledge that if any portion of the remainder of the case were adjudicated unfavorably to them, an appeal would "obtain a reversal of the judgment and 'a second "bite" at the apple.' " (*Barrera*, *supra*, 70 Cal.App.4th at p. 551.)

The second exception is also grounded in notice. Relief is available to a party who, with due diligence, discovers the grounds for disqualification only after judgment is entered or an appeal filed. (*Christie v. City of El Centro* (2006) 135 Cal.App.4th 767, 776.) The record reflects appellant would not have been aware of the grounds for disqualification until he learned that Judge Sadler had presided over his motion. That would have

[3]	The People acknowledge that nothing in the record indicates appellant was aware of the name of the judge that would be assigned to hear his expungement motion and that his reliance on section 170.1 may not be forfeited under section 170.3, subdivision (c)(1) which provides that a disqualification motion shall be made at the "earliest practicable opportunity" after discovering grounds therefor. (*Magana v. Superior Court* (2018) 22 Cal.App.5th 840, 856.) Nevertheless, the People press their contention that a petition for writ of mandate is the only way to obtain relief on this claim.

been after the court notified appellant of Judge Sadler's order. As a result, this appeal is the "earliest practicable opportunity" to raise the issue. (§ 170.3, subd. (c)(1); *In re Steven O.* (1991) 229 Cal.App.3d 46, 53.)

Section 170.1 mandated Judge Sadler's disqualification and his failure to recuse himself compels reversal of the order. (*Christie v. City of El Centro, supra*, 135 Cal.App.4th at p. 776 [orders of disqualified judges are void or, according to some authorities, voidable]; *People v. Crappa* (1925) 73 Cal.App. 260, 261 [where judge was former prosecuting attorney, judgment reversed because section 170 is "too plain to admit of controversy, and the disqualification of the trial judge is clear."].)

B.      Judge Sadler's Failure to Disqualify Himself Violated Appellant's Due Process Rights

Although, as set out above, a statutory claim of disqualification generally requires timely writ review, a due process claim alleging judicial bias is reviewable by direct appeal. (*People v. Peoples* (2016) 62 Cal.4th 718, 787; *Brown, supra*, 6 Cal.4th at p. 335-336.) Appellant makes such a due process claim and we agree a violation of due process occurred here.

Under both the state and federal Constitutions, a defendant has due process rights to be tried by an impartial judge. (*People v. Peoples, supra*, 62 Cal.4th at p. 788; *Arizona v. Fulminante* (1991) 499 U.S. 279, 309.) A showing of actual bias is not required. (*Caperton v. A.T. Massey Coal Co., Inc.* (2009) 556 U.S. 868, 885.) As the United States Supreme Court has stated, "Bias is easy to attribute to others and difficult to discern in oneself." (*Williams v. Pennsylvania* (2016) 136 S.Ct. 1899, 1905.) To establish an enforceable and workable framework, the Court's precedents apply an objective standard

6

that, in the usual case, avoids having to determine whether actual bias is present.  "The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is "likely" to be neutral, or whether there is an unconstitutional "potential for bias." ' " (*Ibid.*)  The Court has determined that an unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in the case.  (*In re Murchison* (1955) 349 U.S. 133, 136–137.)  This is so because even if decades intervene before the former prosecutor revisits the matter as a jurist, the case may implicate the effects and continuing force of his or her original decision.  Moreover, the judge's recollection of evidence he or she may have heard as counsel in the same matter is "likely to weigh far more heavily . . . than any testimony given" at trial.  (*Id.* at p. 138.) This presents the potential risk of the judge calling "on his own personal knowledge and impression of what had occurred" before rather than deciding the matter on the evidence placed in the record by the parties.  (*Ibid.*)

There is no reason to treat jurists who are former defense counsel in the case any differently than jurists who are former prosecutors.  The risk that the judge will rely on recollected facts he or she learned as counsel rather than solely on the evidence currently presented to the court is no different.  For this reason we conclude the potential for actual bias has been shown and a due process violation has occurred.

C.    The Violation Requires Reversal

An unconstitutional failure to disqualify constitutes structural error not amenable to harmless error review. (*Williams v. Pennsylvania, supra*, 136 S.Ct. at p. 1909.)

7

## DISPOSITION

The order denying the motion to expunge is reversed.  The matter is remanded to the trial court for a new hearing before a different judicial officer.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:


BIGELOW, P. J.


WILEY, J.